[No. 10,688—Department One.]

## THE PEOPLE v. CHARLES F. CLOUGH.

Robbery—Definition.—The defendant was convicted of robbery committed upon G., and it was claimed, on appeal, that one U. was associated with him in the taking of the property, and that there was an understanding between G. and U. and the defendant that at an appointed time and place they should *go through the form of being robbed* by the defendant.

*Held:* If the evidence supported this theory, it would result that the act did not constitute the crime charged. But the evidence fails to show any such collusion between U. and G.

Id.—Evidence—Hearsay.—The Court did not err in refusing to admit evidence of declarations made by U. The evidence offered was mere hearsay.

Id.—Possession of Stolen Property.—The Court instructed the jury, that "the possession of stolen goods immediately after the theft is not in itself sufficient to convict the defendant of the theft, but if unexplained, is a circumstance to be taken with other circumstances established by the evidence, to determine the guilt or innocence of the defendant;" that "if the defendant is seen in possession of the stolen property shortly after it was stolen, and does not explain his possession by showing that it was honestly acquired, it is a circumstance tending to show his guilt." *Held:* The instruction was correct.

Id.—Peremptory Challenges—Offense Punishable for Life.—Under Section 1070 of the Penal Code, "if the offense charged be punishable with death or with imprisonment in the State prison for life, the defendant is entitled to twenty, and the State to ten, peremptory challenges. On a trial for any other offense the defendant is entitled to ten, and the State to five, peremptory challenges." By section 213 of the same code, robbery is punishable by imprisonment in the State prison not less than one year.

*Held:* It is only in capital cases, or cases in which a life sentence is *in terms* affixed by the Legislature as the punishment of the crime, that the defendant is entitled to twenty peremptory challenges. Robbery is not such a crime.

Appeal from a judgment of conviction in the Superior Court of Los Angeles County. Sepulveda, J.

*Eastman, Haley, King & Roberts,* and *W. W. Cullom,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

MORRISON, C. J.:

On the argument of this case, it was contended, on behalf of the defendant, and urged as a ground of reversal of the judgment, that no act of robbery was established by the evidence. It is claimed that one Ulter was associated with the defendant in the taking of the property, and that there was an understanding between Gage (the party alleged to have been robbed) and Ulter, that Gage should meet Ulter and the defendant at an appointed time and place, and *go through the form of being robbed* by the defendant. If the evidence supported this theory, it would result, that the act did not constitute the crime charged. "Robbing is the felonious taking of personal property in the possession of another, from his person and *against his will,* accomplished by force or fear." (Penal Code, § 211.)

But the evidence fails to show any such collusion between Ulter and Gage, and in fact it fails to show that Ulter was a party to the robbery, or that he knew anything about it. The evidence of the prosecuting witness, Gage, is positive, consistent, and, so far as we can see, entitled to all the weight which was given to it by the jury. He positively denies the existence of any understanding between Ulter and himself in respect to the robbery, and his whole conduct immediately after the robbery tends to overthrow the theory that he was a party to an agreement such as is claimed to have existed in this case. He proceeded at once to the office of the Chief of Police, gave the officer in charge information of the circumstances attending the robbery, and also a description of the defendant. The officer says that the prosecuting witness was very much excited at the time, and his whole conduct was that of a man who had been surprised and robbed. The Chief of Police made immediate pursuit and captured the defendant within a few minutes after the robbery was committed. The property which had been taken from the prosecuting witness was found on the person of the de-

fendant, and the only explanation he gave of such possession was, that he had "picked up the watch." The evidence of the Chief of Police is as follows: "I saw a man cross over at the American Bakery alone, in the darkest part of the street; I followed up; when he got to the corner of Spring, below the Postoffice, he stopped and looked around, and commenced to whistle, and then started up the street; I followed him into the United States Hotel, and the bar-tender pointed out to me the last man who had come in; he was reading a newspaper; I arrested him, and questioned him; he had a bulldog six-shooter; we walked up to the office, and then I searched him; I found the watch in his pants pocket; I said, 'That is a peculiar place to carry a watch,' and he said, 'I picked it up;' I examined him further, and found a ten-dollar gold piece, a trade dollar, and some keys; Gage described the watch and gave me the number of it; I handed it to Captain Davis, and told him to see if that number corresponded; he said, 'Yes.'"

There is no doubt whatever from the evidence, that the property found in the possession of the defendant, immediately after he was arrested, was the property of Gage, and the same property which had been taken from him that night. Gage gave the officer an accurate description of the property lost by him, and the property found on the person of the defendant corresponded precisely to that description. The evidence of Police Officer Davis in this connection is important. He says: "Gage described the prisoner so that I could have arrested him on the description."

2. The next ground of error, predicated upon the refusal of the Court to admit evidence of declarations made by Ulter, can not be sustained. The evidence offered was mere hearsay, and was not admissible under any rule with which we are familiar.

3. The instructions of the Court are free from all legal objections, and are as favorable to the defendant as the law of the case and the facts disclosed by the evidence would justify. The Court told the jury that "the possession of stolen goods immediately after the theft is not in itself sufficient to convict the defendant of the theft, but if unexplained, is a circumstance to be taken with other circumstances established

by the evidence to determine the guilt or innocence of the defendant." And further: "If the defendant is seen in possession of the stolen property shortly after it was stolen, and does not explain his possession by showing that it was honestly acquired, it is a circumstance tending to show his guilt." The instruction is taken from the case of *The People* v. *Gill*, 45 Cal. 285, and is correct. See also *The People* v. *Beaver*, 49 id. 57.

4. The fourth and last point in the case turns upon the construction to be given to Section 1070 of the Penal Code, which reads as follows: "If the offense charged be punishable with death, or with imprisonment in the State Prison for life, the defendant is entitled to twenty and the State to ten peremptory challenges. On a trial for any other offense, the defendant is entitled to ten and the State to five peremptory challenges;" and by Section 213 of the same Code robbery is punishable by imprisonment in the State Prison not less than one year. The defendant had interposed ten peremptory challenges, when the juror Schmidt was called, and there being no legal objections to him as a juror, defendant claimed the right to challenge him peremptorily. The Court denied the right of the defendant to exercise more than ten peremptory challenges, and the juror was accepted against the objection of the defendant.

It is claimed on this appeal, that robbery is *punishable for life;* that the defendant was entitled to twenty peremptory challenges, and that the Court erred in its ruling. The section in question has never received a judicial interpretation, and the point is a new one. We are called upon to decide it without precedent or authority to aid us. "If the offense charged is punishable with death or with imprisonment in the State Prison for life, the defendant is entitled to twenty peremptory challenges." Such is the language of the section now under consideration. We have reached the conclusion that it is only in capital cases, or cases in which a life sentence is *in terms* affixed by the Legislature as the punishment of the crime, that the defendant is entitled to twenty peremptory challenges. Robbery is not such a crime. It is true that the maximum punishment is not designated by the stat-

ute, but the minimum is, and that need not be for a longer time than one year.

We find no error in the record, and the judgment is therefore affirmed.

Ross and McKinstry, JJ., concurred.