[Crim. No. 479.   Department One.—January 30, 1899.]

THE PEOPLE, Respondent, v. JAMES LOGAN, Appellant.

CRIMINAL LAW—RAPE—SUPPORT OF VERDICT—CONFLICTING EVIDENCE— CIRCUMSTANCES OF OFFENSE.—Upon the trial of a defendant accused of rape, if the evidence of the prosecuting witness is sufficient to support the verdict, the truth or falsity of her evidence is matter for the jury, and a verdict of conviction will not be disturbed, notwithstanding conflicting evidence for the defendant, and notwithstanding the circumstances and conditions forming part of the *res gestae* of the offense are unusual, and not entirely convincing.

ID.—CONTINUANCE—ILLNESS OF DEFENDANT'S WIFE—DELAY OF APPLICATION—IMPANELMENT OF JURY.—Where the prosecuting witness, a large, strong girl of fourteen years of age, claimed that the rape was committed while she was sleeping with the wife of the defendant, if the defendant had applied for a continuance on the ground of the illness of his wife and her inability to attend the trial, before the jury was impaneled to try the case, the continuance should have been granted; but where the defendant delayed such application until after the jury was impaneled, and then asked for a continuance of two months, the court was justified in refusing the continuance.

ID.—PEREMPTORY CHALLENGES—STARE DECISIS.—Although, if the question were an open one, it might be held that a defendant charged with rape is entitled to twenty peremptory challenges, on the ground that the punishment may extend to imprisonment for life, this court stands by its previous decisions determining that such a defendant is entitled only to ten peremptory challenges.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

J. B. Curtin, and J. C. Webster, for Appellant.

W. F. Fitzgerald, Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of the crime of rape, and now appeals from the judgment and order denying his motion for a new trial.

It is first claimed that the evidence is too weak to support the verdict of the jury. If the evidence of the prosecuting witness be true, the verdict has full support therein, and its truth or falsity was a matter essentially for the jury's consideration. In criminal cases this court's appellate jurisdiction is limited to matters of law alone, and the truth or falsity of a witness' statement is essentially a matter of fact. It is possible that evidence might come before this court so incredible, so inherently improbable, so stamped with falsehood upon its face, that the court would deal with it as presenting a matter of law. But such a case would be a most exceptional one, and it is not presented by this record; although it may be said that the cir-

cumstances and conditions enveloping and forming the *res gestae* of this particular offense are unusual and not entirely convincing.

The prosecuting witness, a large, strong girl of fourteen years of age, testified that she was sleeping with the wife of the defendant at the time she was raped. After the jury was impaneled, and before any evidence was introduced, defendant's counsel asked for a continuance upon the ground that Mrs. Logan, the wife, was sick and unable to be present at the trial. It further appeared by the showing that probably the witness would be sick and unable to testify for the period of two months. If this application had been made before the jury was impaneled to try the case we have no doubt but that the trial court would have granted it, and, in view of the importance of her testimony, it would have been an abuse of discretion upon the part of that court if it had not been granted. Defendant's counsel should have known the condition of their witness before the jury was impaneled, and should have made their showing at that time. If a continuance of one, two, or even three days, under the present showing, would have enabled the defendant to have secured the presence of this witness at the trial, the court should have granted that time, in view of the importance of her evidence; but here a continuance of two months was asked. Possibly the jury might have been discharged and the case again placed upon the trial calendar, but to continue a case for two months, and allow the jurors selected to hear the evidence and render the verdict, to roam at large during that long period of time, cannot be countenanced in law. Such an order upon the part of the court would have been reversible error. (*People v. Dinsmore*, 102 Cal. 381.) On the other hand, if the jury had been discharged and a second trial begun at some subsequent time, the question of once in jeopardy might have presented difficulty. Under these peculiar circumstances we conclude the court was justified in refusing the continuance.

It is next claimed that the defendant was entitled under the law to twenty peremptory challenges, and was only allowed ten. When we consider the fact that section 671 of the Penal Code gives to the court authority to sentence a defendant to imprisonment for life upon conviction of the crime of rape, there seems

much force in appellant's position.  And, if the question of the construction of the statute pertaining to the number of peremptory challenges to which a defendant convicted of rape is entitled were now before us for the first time, the court might agree with defendant's contention.  But this is not a new question, and the authorities of this state are the other way.  (*People v. Clough,* 59 Cal. 438; *People v. Riley,* 65 Cal. 107; *People v. Fultz,* 109 Cal. 259.)  We feel that the law had best stand as it has been heretofore announced.

There is no merit in the remaining contentions of the appellant.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.