[Crim. No. 622.    Department One. — March 1, 1901.]

THE PEOPLE, Respondent, v. C. C. SULLIVAN, Appellant.

CRIMINAL LAW — BURGLARY — PRIOR CONVICTION FOR MURDER — IMPANELING JURY — NUMBER OF PEREMPTORY CHALLENGES. — Upon a trial for a charge of burglary, under an information also alleging a prior conviction of the defendant for murder, the fact that, after conviction under the information, he was liable to be, and was in fact, sentenced to imprisonment for life, does not show that he was entitled to twenty peremptory challenges in the impanelment of the jury, under section 1070 of the Penal Code, and the court properly limited him to the exercise of ten peremptory challenges.

APPEAL from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

T. J. Crowley, and Emilio Lastreto, for Appellant.

Tirey L. Ford, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

THE COURT.—An information was filed against the defendant, charging him with the crime of burglary, and also including a prior conviction of the crime of murder in the second degree. Upon this information he was tried, and, after conviction, sentenced to imprisonment in the state prison for the term of his natural life.

At the trial, the defendant, having exercised ten peremptory challenges, claimed the right to exercise ten more, which was refused by the court, and he now contends upon this appeal that, inasmuch as in case of his conviction he was liable to be sentenced for imprisonment for the term of his life, he was entitled, under section 1070 of the Penal Code, to twenty peremptory challenges.

This question was determined against the contention of the appellant in *People* v. *Clough*, 59 Cal. 438, and the ruling then made has been followed in several cases. In *People* v. *Logan*, 123 Cal. 414, the ruling in *People* v. *Clough*, *supra*, was affirmed in this Department, and a petition for rehearing in Bank was denied. The construction thus given to the section was made nearly twenty years ago; and as the legislature has not seen fit to make a change in the statute, we do not feel authorized to recede from the construction then given.

The rulings of the court upon the questions at the trial, which have been presented upon the appeal, were without error.

The judgment is affirmed.