STATE, RESPONDENT, *v.* COLLINS, APPELLANT.

(No. 3,722.)

(Submitted November 29, 1916.    Decided January 30, 1917.)

[163 Pac. 102.]

*Criminal  Law — Larceny — Jury — Challenges—Information— Sufficiency—"Horse"—Variance — Former  Conviction — Instructions.*

Grand Larceny—Former Conviction—Jury—Peremptory Challenges.
    1.  Defendant, on trial for grand larceny aggravated by a prior conviction of the same offense, was, under subdivision 2 of section 9257, Revised Codes, entitled to eight—not six—peremptory challenges.

———

On sufficiency of description of property in an indictment or information for larceny, see note in L. R. A. 1915B, 81.

Same—Limiting Peremptory Challenges—Record—Insufficiency.

2. Where defendant's bill of exceptions recited that, though entitled to eight peremptory challenges, he was accorded only six, but did not show whether he exercised all or any of the challenges allowed him, or offered to exercise one or both of those claimed to have been denied, it was insufficient to show that the court erred in depriving him of his right in this behalf.

Same—"Horse"—Information—Sufficiency.

3. *Held,* that an information alleging that defendant stole a "horse" is a sufficient charge of grand larceny, though subdivision 4, section 8645, Revised Codes, in defining the crime specifies the different species of the animal as diversified by age, sex or artificial means, *i. e.,* mare, gelding, stallion, *etc.*

Same—Livestock—Brands—Evidence—Variance.

4. After a horse had been identified by color, weight, brand and other distinguishing marks, as described in the information, evidence that the animal bore another brand did not constitute a fatal variance.

[As to brands on animals as evidence of ownership, see note in Ann. Cas. 1913E, 133.]

Same—Former Conviction—Variance—Failure of Proof.

5. Where defendant was found guilty of simple larceny under a charge of grand larceny aggravated by prior conviction, the failure of the state to introduce proof of the prior conviction constituted neither a failure of proof nor a variance, since section 9172, Revised Codes, authorizes conviction of any crime included in that charged, and aggravated larceny includes simple larceny.

Same—Instructions.

6. Where the information charged grand larceny after previous conviction, but no evidence of the previous conviction had been introduced, it was proper to instruct the jury to disregard the allegation of prior conviction, and, if they found defendant guilty, to fix his punishment as for a simple larceny.

*Appeal from District ·Court, Lewis and Clark County; J. Miller Smith, Judge.*

HENRY COLLINS was convicted of grand larceny and ·appeals from the judgment of conviction and an order denying him a new trial. Affirmed.

*Mr. E. D. Phelan* and *Mr. Lester H. Noble,* for Appellant, submitted a brief and argued the cause orally.

"It is a reversible error for the court to deny a party the right of peremptory challenges in any case where it is a right either by the common law or by statute, or to deny the full number to which a party is entitled either in civil or criminal cases." (24 Cyc. 336; *Todd* v. *State,* 85 Ala. 339, 5 South. 278;

*People* v. *O'Neil,* 61 Cal. 435; *People* v. *Keating,* 61 Hun, 260, 16 N. Y. Supp. 748; *State* v. *Cadwell,* 46 N. C. 289; *Allen* v. *State,* 7 Cold. (Tenn.) 357; *Fowler* v. *State,* 8 Baxt. (Tenn.) 573; *Harrison* v. *United States,* 163 U. S. 140, 41 L. Ed. 104, 16 Sup. Ct. Rep. 961.) The fact that the verdict of the jury limited the punishment so as to correspond to the number of peremptory challenges actually allowed, where the number is determined by the nature of the punishment, did not cure the error. (24 Cyc. 367, note 31; citing, *Fowler* v. *State, supra.*)

The information alleges that the defendant did willfully, unlawfully and feloniously steal, take and drive away, "one bay horse." The word "horse" does not describe an animal, the taking of which is grand larceny, regardless of value. (Rev. Codes, sec. 8645, subd. 4.) That there is a distinction between the word "horse" and the words used in the above section describing an animal, the taking of which is larceny, regardless of value, has been determined in this state. (*State* v. *McDonald,* 10 Mont. 21, 24 Am. St. Rep. 25, 24 Pac. 628.) In *State* v. *Plunket,* 2 Ala. (Stew.) 11, it was held that a gelding was defectively described as a horse under a statute describing punishment for the larceny of any horse, mare or gelding, foal or filly, *etc.* In *Martinez* v. *Territory,* 5 Ariz. 55, 44 Pac. 1089, it was held that a steer could not be described as a cow, under a statute, relating to the taking of a cow, steer, bull, calf, *etc.* In *State* v. *Tootle,* 2 Harr. (Del.) 541, it was held (*dictum*) that a lamb could not be described as a sheep in an indictment, under a statute, making it a felony to steal any ram, ewe, sheep or lamb. In *Mobley* v. *State,* 57 Fla. 22, 17 Ann. Cas. 735, 49 South. 941, it was held that a three or four year old steer could not be described as a cow, where the statute drew a distinction between a cow and a steer by enumerating both. In *State* v. *Buckles,* 26 Kan. 237, it was held that a gelding could not be described as one "light bay horse," under a statute, which specificately named both geldings and horses.

In *State* v. *McDonald,* 10 Mont. 21, 24 Am. St. Rep. 25, 24 Pac. 628, it was held that a gelding could not be described as

a horse or colt, where the statute does not contain "horse." In *Turley* v. *State*, 3 Humph. (Tenn.) 323, it was held that a gelding could not be described as a horse where the statute enumerates both. In *Banks* v. *State*, 28 Tex. 644, it was held that a mare could not be described as a horse. In *Persons* v. *State*, 3 Tex. App. 240, it was held that a gelding could not be described as a certain horse under statutes specifically naming both horses and geldings. In *Briscoe* v. *State*, 4 Tex. App. 219, 30 Am. Rep. 162, it was held that "ridgeling" should be described as a horse and not as a gelding. In *Johnson* v. *State*, 16 Tex. App. 402, it was held that a horse could not be described as a gelding in an indictment under a statute in which the word "horse" was used as synonymous with the word "stallion." In *State* v. *Brookhouse*, 10 Wash. 87, 38 Pac. 862, it was held that steers could not be described by the term "cattle."

Where a statute specifically sets forth certain species of animals, and states that the stealing of those animals shall be grand larceny, without regard to their value, that statute is a special one, and should be strictly construed, and its application should be confined to the specific animals named.

"As a general rule, matter alleged in identification of property must be proved as alleged, although the description is unnecessarily specific." (22 Cyc. 446; *Morgan* v. *State*, 61 Ind. 447; *Gray* v. *State*, 11 Tex. App. 411.) This principle of law has been held to apply to the brand on cattle and horses. (*Coleman* v. *State*, 21 Tex. App. 520, 2 S. W. 859.)

*Mr. J. B. Poindexter*, Attorney General, and *Mr. C. S. Wagner*, Assistant Attorney General, for Respondent, submitted a brief; oral argument by *Mr. Wagner*.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The defendant was convicted of grand larceny and adjudged to serve a term in the state prison. He has appealed from the judgment and an order denying his motion for a new trial.

1. The subject of the larceny is described in the information as "one bay horse with a white stripe on forehead, weighing [1] about 1,000 pounds, and branded on the left shoulder." It is further charged that the defendant was previously convicted of the crime of grand larceny and served a term in the state prison therefor. The information was so framed to enable the jury or the court, upon conviction of the defendant as charged, to fix his punishment as prescribed in section 8897 of the Revised Codes. (*State* v. *Paisley,* 36 Mont. 237, 92 Pac. 566.) Since the punishment for grand larceny is imprisonment in the state prison for not less than one nor more than fourteen years, the charge here, if sustained as made, would have required the penalty to be fixed under subdivision 1 of that section, or at a term of not less than ten years. (*State* v. *Paisley, supra.*) Counsel contend that, since defendant was put upon his trial for the aggravated offense, he was entitled to eight peremptory challenges, under subdivision 2 of section 9257 of the Revised Codes, whereas he was permitted to exercise only six, and hence was denied a substantial right. An examination of the provisions referred to makes it clear that the defendant was entitled to eight challenges. The record, how-[2] ever, does not advise us what transpired during the impaneling of the jury. It does not appear that the defendant exercised or offered to exercise the right of challenge to any particular juror, or that when the jury were sworn he had exhausted any of the challenges to which he was entitled. So far as we are informed, he was satisfied with the twelve jurors first called, and did not care to challenge any one of them. Upon this record we may not conclude that he was deprived of his right in this behalf. It is true the caption of the bill of exceptions recites that counsel "requested the right of eight peremptory challenges, which request was denied"; but this does not show that when the time came for counsel to exercise the right of challenge he was limited or circumscribed in any way. To put the trial court in error, it was incumbent upon counsel to have incorporated in the bill of exceptions the pro-

ceedings had, and by them to show that he offered to exercise one or both of the two additional challenges and was not permitted to do so. Otherwise we are left to conjecture as to what took place.

2. The contention is made that the information is defective in [3] that it fails to charge grand larceny. By subdivision 4 of section 8645 of the Revised Codes, the stealing of any of the animals therein enumerated is declared to be grand larceny without regard to value. It reads: "Grand larceny is larceny committed in either of the following cases: * * * 4. If any person or persons, shall steal or with intent to steal, shall take, carry, drive, lead or entice away any mare, gelding, stallion, colt, foal or filly, mule, jack or jenny, ox, cow, bull, stag, heifer, steer, calf, sheep, goat or hog, being the property of another, he or they shall be deemed guilty of grand larceny."

It will be observed that this provision omits the word "horse." Counsel argue that this omission indicates an intention on the part of the legislature to make a special provision on the subject of larceny of animals, and hence that an indictment or information under it must describe the particular animal with reference to which the charge is made, by the specific term by which it is therein designated. In other words, the term "horse," used in the information, does not describe any animal the taking of which is grand larceny without reference to value. This contention is, we think, devoid of merit. The term "horse" is generic, "including, ordinarily, the different species of the animal, however diversified by age, sex, or artificial means." (Anderson's Dictionary.) If the legislature had used only the term "horse," it could not be doubted that it would have been held to include all the varieties, whether natural or artificial, and proof of any one of them would have been deemed sufficient to support a charge designating it by the generic term, provided, of course, the description were otherwise sufficient to identify it. A horse is still a horse though it may be a stallion, or a gelding, or a mare.

In some of the states, as in Ohio, an indictment employing the generic term is held not to be supported by evidence of the larceny of a gelding. (*Hooker* v. *State*, 4 Ohio, 348.) This rule is observed in Texas, Kansas, Alabama, Tennessee, and perhaps other states. (*Banks* v. *State*, 28 Tex. 644; *State* v. *Plunket*, 2 Stew. (Ala.) 11; *State* v. *Buckles*, 26 Kan. 237; *Turley* v. *State*, 3 Humph. (Tenn.) 323.) The theory of these courts is that, inasmuch as the generic term is followed by the usual designations of the different sorts or classes, except the stallion, it must be presumed that the legislature intended by it to refer to a stallion only. In other states, where statutes are substantially the same as ours, it is held that the specifications "mare," "gelding," *etc.*, were inserted to secure more definiteness. (*People* v. *Pico*, 62 Cal. 50.) This rule prevails in Utah and Missouri. (*People* v. *Butler*, 2 Utah, 504; *State* v. *Donnegan*, 34 Mo. 67.) In Illinois, under a statute which drew no distinction between animals and other personal property, the term "horse" was held to include a gelding or mare, and that proof of the larceny of either of the latter supported a charge of the larceny of a horse. (*Baldwin* v. *People*, 1 Scam. (Ill.) 304.) Our statute differs from those of the states referred to above in that they omit the term "stallion" and include the term "horse," whereas ours omits the latter and includes the former. We think the rule as declared by California, Utah and Missouri is sound in principle, and therefore adopt it as more in accord with modern notions of the administration of criminal law. (Bishop on Statutory Crimes, 3d ed., sec. 246.)

Counsel rely with confidence on the case of *State* v. *McDonald*, 10 Mont. 21, 24 Am. St. Rep. 25, 24 Pac. 628. We agree that, while there are observations in the opinion which justify this confidence, it must not be overlooked that the question presented and decided is not involved in this case except remotely and by analogy. The indictment in the case charged the larceny of an "iron gray horse, a gelding." After reaching the conclusion that the term "gelding" limited the meaning of the preceding generic term "horse," it was determined that the

charge was not supported by evidence of the larceny of a horse or colt, and hence that there was a substantial variance between the description in the charge and the evidence. If we assume that the first conclusion was correct—and this we do not now question—the second follows as a matter of course; for, if an indictment or information charges the larceny of a thing by a particular and specific description, it necessarily narrows the scope of the evidence and precludes conviction unless the thing is identified by the specific description alleged. This is all that was decided; the illustrative observations being merely *obiter dicta.*

3. The evidence fully identified the animal described in the [4] information, not only by proving clearly its color and weight, but also the brand and white stripe on the forehead. Incidentally it was made to appear that the animal bore another brand on a different part of its body. It is argued that proof of the additional brand presents a variance fatal to the state's case. The burden is upon the state to prove the description as alleged. When this has been done, the case thus made is not affected if the evidence discloses other descriptive marks.

The county attorney omitted to introduce any evidence [5] tending to show that the defendant had suffered a prior conviction for larceny. It is insisted that the omission in this behalf constituted a fatal variance. This argument proceeds upon the assumption that the aggravated larceny charged is wholly distinct from the offense of simple larceny, and since the county attorney proved the larceny, but failed to prove the prior conviction in aggravation, the conviction was improper. There was neither a variance nor a failure of proof. The statute declares that: "Upon the trial of an indictment or information, the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of any crime included in the crime charged." (Rev. Codes, sec. 9172.) There can be no question that aggravated larceny includes simple larceny. Under the statute *supra* the conviction was proper.

4. The court instructed the jury to disregard the allegation [6] of the prior conviction, and, if they found the defendant guilty, to fix his punishment as for a simple larceny. This was correct. The instructions were in conformity with this theory of the case, and are not open to the criticisms made by counsel.

The judgment and order are affirmed.

*Affirmed.*

Mr. Justice Sanner and Mr. Justice Holloway concur.