[Crim. No. 383.    Third Appellate District.—September 29, 1917.]

THE PEOPLE, Respondent, v. GEORGE F. WHITNEY, Appellant.

CRIMINAL LAW — RAPE — EVIDENCE — PROBABILITY OF TESTIMONY OF PROSECUTRIX.—In a prosecution for statutory rape, the prosecutrix being under the age of consent, her evidence that she had slept in the same bed with defendant ever since she had become a member of his household, covering a period of six years, and that the defendant's wife consented thereto, is not too incredible to sustain a verdict of conviction.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

Hatton & Scott, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of statutory rape, the prosecutrix being under the age of consent. She was an adopted child, and had lived with defendant and his wife for six years. She was nearly eighteen when the act of intercourse charged in the information is alleged to have taken place. She testified that immediately after being taken into the home of the Whitney's she began to sleep in the same bed with the defendant, and that this practice with occasional intermissions was continued during all the years that she lived with them. She further testified that this was

34 Cal. App.—47

agreeable to Mrs. Whitney; in fact, that the latter preferred to sleep alone. She declared also that defendant had improper relations with her at frequent intervals over nearly the whole of this period. She was subjected to a rigid cross-examination covering two hundred and fifty pages of the transcript, but her testimony was unshaken. In fact, as often happens in such protracted cross-examinations, she fortified and strengthened the impression made by her examination in chief. The only point made by appellant in his brief of nearly two hundred pages is that the story is inherently improbable, and, therefore, it should be rejected by this court and the conviction reversed.

We have taken pains to read with some care all of her testimony, and far from saying that it is altogether incredible, the impression we receive is that it bears the earmarks of truth and sincerity. At any rate, all the considerations advanced by the learned counsel for appellant were for the cognizance of the jury, and we must assume that they received careful and conscientious attention. We may add that the story of the prosecutrix does not approach so near the line of the improbable and incredible as in many convictions upheld by this and other appellate courts. The question has been fully discussed at various times and nothing of good can be accomplished by attempting to add to what has been said. It is sufficient to refer to the following cases: *People* v. *Kaiser,* 119 Cal. 458, [51 Pac. 702] ; *People* v. *Logan,* 123 Cal. 414, [56 Pac. 56] ; *People* v. *Rongo,* 169 Cal. 75, [145 Pac. 1017] ; *People* v. *Lewis,* 18 Cal. App. 359, 364, [123 Pac. 232] ; *People* v. *Crawford,* 24 Cal. App. 403, [141 Pac. 824].

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.