(No. 23307.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE WEBSTER, Plaintiff in Error.

*Opinion filed December 19, 1935.*

ASA J. WILBOURN, for plaintiff in error.

OTTO KERNER, Attorney General, M. J. O'SHEA, State's Attorney, A. B. DENNIS, and D. B. REID, for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Theodore Webster was convicted in the circuit court of Alexander county of the crime of robbery while armed. His sentence was for one year to life. Section 12 of division 13 of the Criminal Code (Smith's Stat. 1935, p. 1236; Ill. State Bar Stat. p. 1255;) provides: "Every person arraigned for any crime punishable with death or imprisonment in the penitentiary for life shall be admitted on his trial to a peremptory challenge of twenty jurors, and no more; and every person arraigned for any offense that may be punished by imprisonment for a term exceeding eighteen months, shall be admitted to a peremptory challenge of ten jurors; and in all other criminal trials, the defendant shall be allowed a peremptory challenge of six jurors. The attorney prosecuting on behalf of the People shall be admitted to a peremptory challenge of the same number of jurors that the accused is entitled to." The defendant used ten peremptory challenges, and the court denied him the eleventh on the ground that he had exhausted his peremptory challenges. The defendant contends that he was entitled to twenty peremptory challenges.

Section 12 of division 13 divides crimes into three classes, and provides that in crimes falling within the first class the defendant is entitled to twenty peremptory challenges, and in those falling within the second class to ten peremptory challenges, and in those falling within the third class to six. The first class includes "every person arraigned for any crime punishable with death or imprisonment in the penitentiary for life." We have held that an indeterminate sentence, such as that before us, is for the maximum term provided by law. (*People* v. *Connors,* 291 Ill. 614; *People* v. *Joyce,* 246 id. 124; *People* v. *Peters,*

246 id. 351; *People* v. *Nowasky,* 254 id. 146.) It follows that defendant was sentenced to the penitentiary for life. He had been arraigned for a crime punishable by life imprisonment, and he was entitled to twenty peremptory challenges.

The People contend that the defendant cannot complain of the error unless the record shows that he was required to accept an objectionable juror. They contend that the eleventh juror should have been challenged for cause when the court refused to allow more than ten peremptory challenges. They cite and rely on *Ochs* v. *People,* 124 Ill. 399, 411, and *Spies* v. *People,* 122 id. 1, 258. In the former case we held that if the defendant does not exhaust his peremptory challenges he cannot complain of the court's ruling on a challenge for cause. At the 258th page in the *Spies case* we held that the rulings of the trial court with reference to challenges made after the defendant had exhausted his peremptory challenges were proper where it did not appear that an objectionable juror was thereby forced upon defendant. The rules recognized in these two decisions are correct, but they do not apply to a case where the defendant was precluded from exhausting his peremptory challenges by the court's erroneous ruling that he was entitled to but ten such challenges instead of the twenty allowed him by law. A peremptory challenge is one made without any reason or cause being assigned. (Bouvier's Law Dict. unabridged ed.) Where the legislature gives a defendant the right to twenty peremptory challenges he may exercise all of them without showing any cause. It is not until he has exhausted his peremptory challenges that he must show cause for challenging a prospective juror.

For the reasons indicated the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*