206 P.2d 1037

**STATE v. THOMPSON.**

**No. 990.**

Supreme Court of Arizona.

June 6, 1949.

388

Milburn N. Cooper, of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Maurice Barth and Charles Rogers, Asst. Attys. Gen., Fred J. Hyder, Deputy Co. Atty., of Phoenix, for appellee.

UDALL, Justice.

Tom J. Thompson, defendant (appellant), was charged with the crime of assault with intent to commit murder, a felony. He was duly arraigned, entering a plea of not guilty, and later was tried in the superior court. The jury convicted him of assault with a deadly weapon, which is an included offense, and he was sentenced to one to two years in the state penitentiary. Defendant filed a motion for new trial and motion in arrest of judgment both of which were denied before judgment was pronounced. This is an appeal from the final judgment of conviction. Section 44-2506(a), A.C.A.1939; Imperial v. State, 65 Ariz. 150, 176 P.2d 688.

While defendant has advanced some twenty-one assignments of error and numerous propositions of law, we believe that the appeal can be effectually disposed of by considering only one assignment (the fourteenth), which reads:

"The Court erred in denying and not granting defendant's motion for new trial upon the ground that the verdict was returned by an unlawful jury, by a jury including three persons, namely: George Waldron, Evaline May Lofing, and Harry W. Bowers, who had been and were excused by the defendant in the lawful exercise of his peremptory challenges, and therefore the defendant did not receive a trial by lawful and proper jury, as guaranteed to him by the statutes and laws of the land and by the constitutions of the State of Arizona and of the United States."

The following are the facts pertaining to this assignment: In impaneling the jury the trial court properly directed the clerk

to call into the jury box thirty-two jurors (section 44-1320(a), A.C.A.1939), since the maximum penalty for the offense charged is life imprisonment. Section 43-606, A.C.A. 1939. These jurors were then examined by the court and counsel as to their qualifications to sit in this case. None being challenged for cause or excused by the court, the judge directed each counsel to exercise the peremptory challenges granted by law. Section 37-120, A.C.A.1939. The clerk of the court handed to the county attorney and later to defense counsel a jury list containing the names of jurors. This list provided a column for each party in which to indicate his peremptory challenges opposite the names of the individual jurors. The county attorney struck nine names by the use of numerals in his column and by drawing a line through each juror's name. Defendant exercised five peremptory challenges, striking jurors numbered (on the printed sheet) 1, 10, 12, 31 and 32 by placing numerals 1 to 5, respectively, in the column opposite the names of such jurors, though no line was drawn through the names. The clerk when directed by the court to call the names of the first twelve unchallenged jurors to compose the jury for the trial of this case very carelessly, though doubtless unintentionally, called into the box jurors George Waldon (#1), Evaline May Lofing (#10), and Harry W. Bowers (#12), each of whom had been peremptorily challenged by the defendant, and those jurors formed a part of the panel that rendered a verdict of guilty

against the defendant. Defendant avows, and it is not denied by the state, that neither he nor his counsel knew the jurors personally or by name; that he relied upon the clerk to omit those whom he had challenged; that in the shifting incident to the release of the twenty jurors different seats were taken by those remaining thereby preventing ready recognition of those stricken by him; that the roll was never thereafter called during the trial and it was not until after the verdict had been rendered when checking the files he discovered that the three jurors thus peremptorily challenged had been permitted to sit on the jury.

█ This grave mistake by the clerk in the impaneling of the jury was properly brought to the attention of the lower court by defendant's motion for a new trial. Conner v. State, 54 Ariz. 68, 92 P.2d 524. The law governing the matter of new trials (section 44-2005, A.C.A. 1939) expressly states that same shall be granted, if the substantial rights of the defendant have been prejudiced, "when from any other cause not due to his own fault the defendant has not received a fair and impartial trial."

█ The Constitution of Arizona, article 2, sections 23 and 24, guarantees to every person charged with a criminal offense the right to trial by jury, and this means not only a fair and impartial jury but one lawfully constituted. This is a most substantial right, the birthright of every free man, and a right which is just-

390

ly dear to the American people. United State Fidelity & Guaranty Co. v. State, 65 Ariz. 212, 177 P.2d 823. (See cases and texts therein cited.) While it is true that there is no constitutional right to peremptory challenges in this state, it being purely legislative in origin (section 37-120, supra) or granted by rules of criminal procedure having the effect of law (section 44-1320, supra), still this is a substantial rather than a mere procedural or technical right and should be fully enforced as an aid in securing an impartial jury. Olympic Realty Co. v. Kamer, 283 Ky. 432, 141 S.W.2d 293. The right of peremptory challenge serves a very useful purpose. It is said in 31 Am.Jur., Jury, section 185:

"  *   *   * There can be no doubt that giving the prosecution a right of peremptory challenge tends to prevent hung juries and mistrials and to lessen the expense of criminal trials. Besides, experience has shown that one of the most effective means to free the jury box from men unfit to be there is the exercise of the peremptory challenge."

See Hayes v. State of Missouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578. This right is termed absolute in 31 Am.Jur., Jury, section 189:

"The peremptory challenge to proposed jurors where it is given by law, is an absolute right and cannot be questioned by either opposing counsel or the court, or arbitrarily denied. Therefore, to impanel a jury in violation of law, in such a way as to deprive a party of his right to peremptory challenge, constitutes reversible error. *   *   *"

See Gulf, C. & S. F. R. Co. v. Shane, 157 U.S. 348, 15 S.Ct. 641, 39 L.Ed. 727.

█  It should be remembered that a "peremptory challenge" is an arbitrary and capricious species of challenge to a certain number of jurors without showing any cause. Watkins v. State, 199 Ga. 81, 33 S.E.2d 325; 15 Cal.Jur., Jury, section 103. It is not essential to such a challenge that any bias or prejudice on the part of a juror be shown. Wolfe v. State, 147 Tex. Cr.R. 62, 178 S.W.2d 274; 15 Cal.Jur., supra. Defendant's statutory right to challenge ten jurymen peremptorily is right of rejection and not of selection. Philbrook v. United States, 8 Cir., 117 F.2d 632, certiorari denied 313 U.S. 577, 61 S.Ct. 1097, 85 L.Ed. 1534; People v. Roxborough, 307 Mich. 575, 12 N.W.2d 466, certiorari denied 323 U.S. 749, 65 S.Ct. 80, 89 L.Ed. 600, rehearing denied 323 U.S. 815, 65 S.Ct. 127, 89 L.Ed. 648. The right to peremptorily challenge jurors is an absolute right, and when this right is lost or impaired, the statutory conditions and terms setting up an authorized jury are not met. Olympic Realty Co. v. Kamer, supra.

██  We are not unmindful that for many years this court has uniformly adhered to and enforced the rule that a conviction will not be set aside for mere technical errors or defects appearing in the record which do not affect the sub-

stantial rights of the accused. This substantial justice provision of the Constitution of Arizona (article 6, section 22) has been frequently invoked as to infractions of the formal rules of law relative to the selection and formation of juries, our decisions being to the effect that a defendant is not entitled to be tried by any particular jury, but merely by one which is fair and impartial. See Lawrence v. State, 29 Ariz. 247, 240 P. 863; Burnett v. State, 34 Ariz. 129, 268 P. 611; Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141, 125 A.L.R. 3; Conner v. State, 54 Ariz. 68, 92 P.2d 524. However, this rule, to which we adhere, does not conflict in the least with the other one that where, as here, it is made to appear that a substantial right has been denied to defendant his conviction will not be upheld. We agree with the following statement of the Montana Supreme Court in a somewhat similar situation.

"It will not do to say that, because the evidence is sufficient to establish the defendant's guilt, therefore the failure to observe the law in selecting the jury to try him ought not to work a reversal of the judgment. The application of such a doctrine would destroy every right guaranteed by the Constitution, lead to anarchy and defeat the very purpose for which courts are created, viz., to administer justice according to law." State v. Brooks, 57 Mont. 480, 188 P. 942, 944.

■ The case most nearly in point (cited in the state's brief) is Sherman v. State, 2 Ga.App. 148, 58 S.E. 393, where a juror served who had been peremptorily challenged by defendant. Defendant there, as here, relied upon the officers to see that the jury which was chosen served. That court reversed the judgment of conviction holding that the trial court erred in not granting a motion for new trial. We quote from the syllabus of this case:

"Where a juror, properly rejected by either party to a cause, serves without the knowledge or consent of such party and his counsel, and, unknown to such party or his counsel, participates in the finding and rendering of a verdict in the case, a new trial should be granted on the motion of such party."

If this reasoning is sound, and we believe it is, then this court was in error in deciding the case of Brough v. State, 55 Ariz. 276, 101 P.2d 196; Id., 311 U.S. 648, 61 S.Ct. 38, 85 L.Ed. 414, which is one of the principal cases relied upon by the state to sustain the conviction in the instant case. There the defendant was given only seven instead of ten peremptory challenges accorded him under the statute. This court held that the evidence of the defendant's guilt was conclusive, and invoked the substantial justice rule in affirming the conviction. We believe there was a failure to differentiate between a fair and impartial jury on the one hand and the deprivation of a substantial statutory right of the defendant on the other. When the latter occurs the jury as formed is not a lawful jury. See

392

People v. Webster, 362 Ill. 226, 198 N.E. 322. This holding in Brough v. State, supra, is expressly disapproved.

No one would contend that a verdict could stand if a mere bystander had been permitted to sit as one of the twelve jurors, yet that would be no worse than what was done in the instant case when three persons lawfully stricken by defendant were permitted to determine his guilt or innocence.

■ The state's attorneys seek to make a further point of the fact that defense counsel in exercising his strikes failed to draw a line through the names of the challenged jurors and that hence his challenges were not properly taken. While the drawing of a line through the name of a stricken juror may be a customary practice in this jurisdiction (and conceding that had it been followed the error here complained of might readily have been prevented), yet the statute makes no such requirement, and we have no hesitancy in holding that the challenges were properly interposed. Gulf, C. & S. F. R. Co. v. Shane, supra.

■ It is further contended that defendant by not sooner detecting this substitution had in effect waived the right to now question the lawfulness of the service of these three jurors. There is no merit to this contention as no act of defendant or his counsel contributed to such error, nor was there any waiver of the right to peremptorily challenge. Waiver is a voluntary and intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. Southwest Cotton Co. v. Valley Bank, 26 Ariz. 559, 227 P. 986. As to this matter of waiver the rule is stated in 31 Am.Jur., Jury, section 194, as follows:

"Although the right of peremptory challenge is an absolute one, it may be wavied; and generally speaking, where fair opportunity has been given but the right to challenge peremptorily has not been exercised, it will be deemed to have been waived. * * *"

See also 50 C.J.S., Juries, § 258.

■ By reason of the disposition that must be made of this appeal we have refrained from any review of the evidence as to the acts constituting the alleged offense. However, to aid the lower court in the retrial of the case we do not hesitate to state that in our opinion the information does properly charge the crime of assault with intent to commit murder, and that the crime of which defendant was convicted is an offense included therein. The trial court was clearly right in refusing to instruct the jury on the law of self-defense as there was no factual predicate for such instructions shown on the record now before us.

■ In the instant case the right to challenge peremptorily certain of the jury panel was regularly exercised by the defendant, and the clerk's error in failing to leave those thus challenged off the jury

constituted a serious impairment, if not a complete denial, of his statutory right to peremptory challenges. Under these circumstances the state is not in a position to invoke the substantial justice rule, or to urge upon us that the jury trying the defendant was fair and impartial. Such is not the issue. The jury as formed was not a lawful jury, and hence the defendant was not accorded that fair and impartial trial guaranteed to him by the constitution and laws of this state. When after verdict these facts were called to the attention of our learned brother of the trial bench, it constituted reversible error to deny the defendant's motion for a new trial. The judgment and order are reversed, and the cause is remanded to the superior court of Maricopa County for a new trial.

LA PRADE, C. J., and STANFORD, PHELPS, and DE CONCINI, JJ., concur.