459 P.2d 517

**The STATE of Arizona, Appellee,**

**v.**

**Alexander LOPEZ, Appellant.**

**No. 1937.**

Supreme Court of Arizona.

In Banc.

Oct. 10, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., Phoenix, for appellee.

Messing & Hirsh, by Robert J. Hirsh, Tucson, for appellant.

HAYS, Justice.

Alexander Lopez, appellant and defendant below, was charged with three counts of burglary and three counts of aggravated assault. The information in addition asserted a prior felony conviction. The alleged criminal acts arose out of three separate incidents which occurred during July of 1967 at the Immaculate Heart Academy

in Tucson. Specifically, the information charged Lopez with burglarizing the academy in the early morning hours of July 8, 13, and 25 and of assaulting various nuns during the first two burglaries. Lopez was apprehended by a stake-out policeman while attempting to flee the academy grounds on July 25.

At the Superior Court trial, defendant admitted the fact of a prior felony conviction. The jury subsequently found him guilty of all the charges, and Lopez was sentenced to concurrent terms at the State Prison of five to ten years for aggravated assault and twelve to fifteen years for burglary. Defendant's motion for a new trial was denied, and this appeal was taken.

The defendant has advanced eighteen assignments of error. We believe, however, that effective disposition of the appeal can be made by limiting our consideration to two of the defendant's arguments.

During the trial, defendant's counsel objected that he was not allowed ten peremptory challenges in his selection of the jury. A panel of twenty-four prospective jurors was called, and defendant's counsel was permitted six peremptory strikes, all of which were exercised. On appeal, defendant argues that the denial to him of ten peremptory strikes was prejudicial error. We agree.

Rule 225 of the Arizona Rules of Criminal Procedure, 17 A.R.S., permits both the state and defendant in a criminal prosecution ten peremptory challenges "if the offense charged is punishable by death or imprisonment for life." The charges of three counts of burglary with a prior against defendant clearly carried a possible punishment of life imprisonment (see A.R.S. §§ 13–1649 and 13–302), and under the rule of Brough v. State, 55 Ariz. 276, 101 P.2d 196 (1940), defendant was entitled to ten peremptory strikes.

While in Brough, supra, this court held that the trial court's denial to the defendant of his ten peremptory strikes was not reversible error, that portion of the Brough decision so holding has subsequently been overruled. In State v. Thompson, 68 Ariz. 386, 206 P.2d 1037 (1949), we held that where peremptory challenges are permitted by the legislature, they cannot be arbitrarily denied. Justice Levi Udall wrote for a unanimous court:

" * * * this court was in error in deciding the case of Brough v. State, * * *, which is one of the principal cases relied upon by the state to sustain the conviction in the instant case. There the defendant was given only seven instead of ten peremptory challenges accorded him under the statute. This court held that the evidence of defendant's guilt was conclusive, and invoked the substantial justice rule in affirming the conviction. We believe there was a failure to differentiate between a fair and impartial jury on the one hand and the deprivation of a substantial statutory right of the defendant on the other. When the latter occurs the jury as formed is not a lawful jury. * * * This holding in Brough v. State is expressly disapproved." 68 Ariz. at 391, 206 P.2d at 1040.

Lopez was convicted by a jury unlawfully impaneled. He did not waive the peremptory challenges to which he was entitled; rather his counsel expressly objected to the court's denial of his request for ten peremptory strikes (R.T. 24.) In State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960), we said:

"We are of the opinion that before a conviction of a criminal offense may be sustained, it is necessary that the constitutional and statutory provisions which outline the procedure to be followed, must be complied with, and it cannot be said that guilt has been established in accordance with law if the accused has been denied any of the rights guaranteed to him by the Constitution and statutes of this state." 88 Ariz. at 43, 352 P.2d at 715.

Lopez' conviction cannot stand for the reason that he was denied the right provided

him by Rule 225 of the Arizona Rules of Criminal Procedure.

Because this conviction must be reversed and defendant granted a new trial, we believe no useful purpose will be served by reviewing the alleged evidentiary errors which defendant urges were committed at the trial. However, defendant's assertion that he was denied a special hearing on the matter of the complaining witnesses' in-court identification deserves special consideration in light of State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969).

■ Shortly after Lopez was arrested during the early hours of July 25, he was charged with the crime of burglary. Later that morning, police officers arranged a face to face confrontation at the Justice Court in order to determine if the nuns who had been assaulted on the two previous occasions could identify defendant as their assailant. Lopez and two other men, one a middle aged Negro and the other a Mexican of about age 50, were brought before the nuns. All three men were handcuffed. After some reflection, the nuns identified the defendant as their assailant, and Lopez was charged with two additional counts of burglary and three counts of aggravated assault.

Counsel was not present in behalf of Lopez at any time during the identification. On appeal, defendant urges that the absence of counsel and his failure to waive counsel violated his rights under the Sixth Amendment of the U. S. Constitution, citing Wade v. U. S., 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). In State v. Dessureault, supra, we concluded that Wade and Gilbert do not apply to pre-indictment and pre-information situations. The pre-trial confrontation in which Lopez participated occurred prior to the issuance of any charges against him concerning the July 8 and July 13 incidents at the academy. The nuns were not eyewitnesses to the events of July 25. Lopez, therefore, had no right to counsel at the Justice Court confrontation.

■ Defendant also suggests that this pre-trial confrontation was unduly suggestive and prejudicial, and tainted the complaining witnesses' in-court identification. We are unable to determine from the record whether the confrontation was sufficiently suggestive to permit the possibility of misidentification. However, in light of the criteria which we outlined in Dessureault, should the defendant object to the in-court identification offered by the complaining nuns it is imperative that the trial court, on retrial, hold a hearing in the absence of the jury. At such a hearing, the burden is on the prosecution to establish by clear and convincing evidence that the pre-trial identification was not unduly suggestive. In addition, "if the trial judge concludes that the circumstances of the pre-trial identification were unduly suggestive or that the prosecution has failed to establish by clear and convincing evidence that they were not, then it is the prosecution's burden to satisfy the trial judge from clear and convincing evidence that the proposed in-court identification is not tainted by the prior identification." State v. Dessureault, supra, 104 Ariz. at 384, 453 P.2d at p. 955. See also Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

The conviction of Lopez is reversed and remanded to the Superior Court for a new trial.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.