UNITED STATES of America,
Plaintiff-Appellee,

v.

Lewis James COLE, Jr.,
Defendant-Appellant.

No. 85-3948.

United States Court of Appeals,
Eleventh Circuit.

Aug. 11, 1986.

H. Jay Stevens, Federal Public Defender, Orlando, Fla., for defendant-appellant.

Thomas E. Morris, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL and VANCE, Circuit Judges, and BROWN *, Senior Circuit Judge.

HILL, Circuit Judge:

Defendant appeals from his conviction of interstate transportation of a stolen motor vehicle, claiming he was entitled to a new trial due to the inadvertent seating of a peremptorily challenged juror.

### FACTS

The error in this case occurred during the seating of the jury panel after the parties had exercised their peremptory challenges. The district court conducted the striking procedure at sidebar and requested that the parties call any mistakes to its attention. Defendant exercised one of his challenges against William Wigg; thereupon, the court announced that Mr. Wigg's position would be taken by Agnes T. Platt. After the parties had concluded their peremptory challenges, the court read through the jury list to check it with the attorneys: Ms. Platt was on the list and Mr. Wigg was not. A few minutes later, the court directed the challenged jurors, by name, to step down from their seats and the remaining jurors to take certain seats to replace those stricken. Inadvertently, the court did not call the names of Mr. Wigg and Ms. Platt and thus Mr. Wigg continued sitting on the jury. No one called the court's attention to this apparent oversight and the trial proceeded. After

---

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

the jury returned a guilty verdict, the court asked the clerk to poll the jury. When the clerk called Ms. Platt's name, there was no response. The clerk noted Ms. Platt was listed in that seat and proceeded to poll the remaining jurors. The clerk then returned to the juror who had not been called and learned it was Mr. Wigg. Neither party objected to his presence on the jury. The court asked the government and defense attorneys if they had any other matters to raise before the jury was discharged and both replied they did not.

The clerk subsequently discovered and advised the court of the error in not excusing Mr. Wigg. At a later hearing, called to advise the defendant of the problem, the defense counsel stated that he had not noticed the error, apparently because he was taking notes. The court denied defendant's motion for a new trial because the defendant had waived his right to object to the error unless he could show Mr. Wigg was prejudiced against him.

### DISCUSSION

▮▮▮ Defendant claims that his right of peremptory challenge is a substantial right which was impaired by the court's error in seating a stricken juror. As a result of this impairment, defendant argues that he is entitled to a new trial.

Although it has not been reported in any federal decisions, this issue has arisen in several state court cases. In Texas, the courts have held that it is the duty of the parties to advise the court of any errors in the seating of struck jurors before the jury is impaneled. If the defendant has not exercised sufficient diligence to perceive the error and call it to the court's attention in timely fashion, prejudice must be shown to obtain a new trial. *Acosta v. State*, 522 S.W.2d 528 (Tex.Cr.App.1975); *Anderson v. State*, 142 Tex.Cr.R. 384, 154 S.W.2d 482 (1941).

Two other states have granted new trials without requiring a showing of prejudice when struck jurors accidentally served on the jury panel. *State v. Thompson*, 68 Ariz. 386, 206 P.2d 1037 (1949); *Sherman*

*v. State*, 2 Ga.App. 148, 58 S.E. 393 (1907). Defendant contends that the rule in these cases does not place any burden on the parties to ensure that the proper jury panel is seated. In *Sherman*, however, the court discussed a previous case where it denied a new trial for lack of diligence in discovering the error; it apparently excused the failure to do so in this case because defendant's counsel was near-sighted and did not see the challenged juror on the panel. *Sherman*, 58 S.E. at 394–95.

A similar improper jury issue was discussed in *United States v. Levesque*, 681 F.2d 75, 80–81 (1st Cir.), *cert. denied*, 459 U.S. 1089, 103 S.Ct. 574, 74 L.Ed.2d 936 (1982), where the person intended as the second alternate was accidentally seated on the jury. The court noted that "defects of less than a fundamental nature will be overlooked if they were not called to the court's attention in a timely manner. *See* Fed. R. Crim. P. 51," and that counsel did not object when the error could have been rectified. *Id.* at 80. Thus, the court held that "[i]n the absence of any suggestion of deliberate manipulation and in the further absence of any objection having been rendered by the defense, we are unable to find such prejudice or impact upon substantial rights as constitutes cause for reversal." *Id.* at 81.

We are persuaded that the waiver rule approach used in *Levesque* and the Texas cases is correct. A contrary rule would permit a defendant to gamble on a favorable verdict and, if the verdict was unfavorable, later raise an improper jury claim. Defendant therefore had a duty to advise the court that the jury contained a challenged juror. The court read the names of the jury panel to the attorneys and then orally instructed the struck jurors to step down and be replaced by the agreed-upon panel members and alternates. At that point, defendant's counsel had the opportunity to compare the court's directions with the list of jurors and call the court's attention to the presence of Mr. Wigg and the absence of Ms. Platt. Moreover, even though defendant's counsel may not have

been familiar with the jurors by name and face, he had ample opportunity to observe the jury composition during the trial and detect that there was an extra male juror. Defendant did not call attention to the error even when the jury was polled and Mr. Wigg answered instead of Ms. Platt. In light of defendant's opportunity to discover the mistake in time for the court to correct it, and the lack of evidence of prejudice, we find that the district court did not err in denying the defendant's motion for a new trial.

AFFIRMED.