**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Nicodean Mark BILECKI and Edna Mae Bilecki, Defendants–Appellants.**

**No. 88–2960.**

United States Court of Appeals, Fifth Circuit.

June 23, 1989.

Donald W. MacPherson, Patrick Sampair, Phoenix, Ariz., for defendants-appellants.

Paula C. Offenhauser, Frances H. Stacy, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, WILLIAMS and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this case, the defendants challenge the district court's refusal to grant a new trial after it was discovered that a peremptorily challenged venireman accidentally served in the place of a proper member of the jury. We affirm.

I

Nicodean Mark Bilecki and Edna Mae Bilecki were charged with willful failure to file federal income tax returns. Nicodean Mark Bilecki was also charged with filing a false W–4 form. They were tried before a jury, with a magistrate presiding. On September 18, 1986, the jury returned a verdict of guilty. When the jury was polled, it became apparent that an error had occurred. One member of the jury, Mr. Holt, had been peremptorily struck by the defense, but had taken a seat in the jury box in place of one of the proper jurors, Ms. Vasquez, and had sat through the four-day trial. When the mistake was discovered, the jury was dismissed and an off-the-record conference was held in chambers. Back on the record, the defense moved for a new trial, the government did not object, and the magistrate granted the motion.

On September 22, the government moved for reconsideration, arguing that the defense had waived any objection to the inadvertent seating of the stricken venireman, and requested reinstatement of the jury verdict. The magistrate denied the motion. On appeal, however, the district judge reversed the order for a new trial, and ordered reinstatement of the verdict. The district court then denied the defendants' motion to reconsider its order. After reinstatement of the verdict and sentencing, the defendants now appeal the issue to this court.

II

The ultimate question of this case is whether, after a guilty verdict in a criminal trial, the discovery of the inadvertent seating on the jury of a venireman peremptorily challenged by the defense is grounds for a new trial. The district court, in reversing the magistrate's decision to grant a new trial, found that there were insufficient grounds for a new trial. Generally, we review the grant or denial of a new trial only for abuse of discretion. In this case, however, the question is, more precisely, whether the district court utilized the proper legal standard in its exercise of discretion. The district court relied on *United*

*States v. Cole,* 796 F.2d 380 (11th Cir.1986). In *Cole,* as in the instant case, a peremptorily challenged juror inadvertently took the place of one of the proper jurors, and the mistake was not discovered until after the jury returned a guilty verdict. *Id.* at 380–81. The Eleventh Circuit rejected the defendant's argument that the error entitled him to a new trial, and adopted a waiver rule: when the defense fails to notice and object to the inadvertent seating of a peremptorily challenged juror until after a verdict is reached, to obtain a new trial, prejudice must be shown. *Id.* at 381–82.

The court in *Cole* tied its holding to Texas cases applying such a rule. *Id.* at 381 (citing *Acosta v. State,* 522 S.W.2d 528 (Tex.Crim.App.1975) and *Anderson v. State,* 142 Tex.Crim.R. 384, 154 S.W.2d 482 (1941)). The Eleventh Circuit also found support in *United States v. Levesque,* 681 F.2d 75 (1st Cir.1982). *Id.* In *Levesque,* a second alternate was accidentally seated on the jury; in the absence of a timely objection or an impact on substantial rights, the First Circuit found no cause for reversal. 681 F.2d at 80–81. The court in *Cole* declined to follow two other states that had granted new trials without a showing of prejudice when challenged jurors accidentally served. *Id.* at 381 (citing *State v. Thompson,* 68 Ariz. 386, 206 P.2d 1037 (1949), and *Sherman v. State,* 2 Ga.App. 148, 58 S.E. 393 (1907)).

We approve of the district court's application of *Cole* to the facts of this case. As noted in *Levesque,* 681 F.2d at 80, this approach is firmly grounded in Fed.R. Crim.P. 51 and 52. Rule 51 preserves the general requirement that objections be timely so long as an opportunity to object exists. In this case, the proper time to object was when the jury was seated; at that time, the error could easily have been corrected. We recognize that in this situation the contemporaneous objection rule places the burden on the lawyer to double-check the administrative action of the court in seating the jury. We also recognize that lawyers cannot ordinarily be expected to memorize instantaneously the faces of persons chosen to be on the jury as well as those excused. Nevertheless, it is the law-yers who make the peremptory challenges, and it is the parties they represent who are supposed to benefit from those challenges; thus, the lawyers are in the best position to notice a mistake in time to correct it. For example, defense counsel here did notice, and did call to the clerk's attention, that the jurors were not taking their seats in the order called. Counsel should not then have disregarded his confusion; in this circumstance especially he should have followed through and asked for verification that the proper persons were seated. By foregoing that opportunity, counsel lost the chance to remedy the problem at minimal cost.

Since no timely objection was raised, we turn to Rule 52(b) which provides that courts may notice "plain errors or defects affecting substantial rights" even when no timely objection is made. Plain errors are those that "should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the trial." *United States v. Perez,* 651 F.2d 268, 273 (5th Cir.1981). The inadvertent seating of Mr. Holt in place of Ms. Vasquez was not plain error. Mr. Holt was plainly qualified to serve as a juror. There was no basis to challenge him for cause. Mr. Holt was peremptorily challenged merely because he had been a special deputy sheriff twenty-five years earlier, even though Mr. Holt stated that he would not give law enforcement officials more credibility as witnesses. There is no basis to suppose that Mr. Holt was biased against the defendants or their case; nor is there any basis to suppose that he favored the prosecution. Mr. Holt's participation on the jury did not affect the fundamental fairness, honesty, or public reputation of the trial, and therefore did not constitute plain error.

In reviewing for plain error, we assimilate the prejudice element of *Cole* and the other cases. *Cole* does not indicate what prejudice would be sufficient to warrant a new trial, or how such prejudice could be shown. The defendants argue that, in reality, there is no way to show prejudice since, if a juror could have been shown to be

improperly biased, that juror could have been challenged for cause. Nevertheless, we have no need to elaborate on prejudice as a possible justification for a new trial because the function of the prejudice element of the standard stated in *Cole* is adequately served by the plain error analysis above. In other words, there may be a case where the participation of a peremptorily challenged juror so undermines the fairness of a trial that it constitutes plain error and entitles a defendant to a new trial even in the absence of a timely objection; this is simply not such a case.

### III

■ We now return to a preliminary matter. The defendants argued below and continue to assert on appeal that the government waived its objection to a new trial by not opposing the motion when it was made. We see no reason why the government's failure initially to oppose a new trial justifies our reversing the district court's action. The government filed a timely motion for reconsideration in which it presented its reasons why a new trial was not necessary. The question then is whether this motion satisfied the contemporaneous objection requirement of Rule 51. "This salutary rule has its roots in obvious considerations of finality of the criminal trial process, of judicial efficiency, and of avoiding trials by ambush." *Perez*, 651 F.2d at 273. The motion for reconsideration adequately served the purpose of the rule because it gave the court the opportunity to correct itself before any waste of time or resources. Furthermore, the government gained nothing by delaying its opposition to the new trial. It is also significant that neither the magistrate, who declined to alter her original decision to grant a new trial, nor the district judge, who reversed that decision, gave credit to the defendants' waiver argument. Since the district court consciously and, as we have held above, properly addressed the underlying issue, we are in no position now to say that the government spoke up too late. Accordingly, we reject the defendants' argument that the government waived its objection based on the defendants' waiver of objection to the improper juror.

### IV

By reversing the magistrate's order granting a new trial, the district court effectively denied the defendants' motion for new trial. We review the grant or denial of a new trial only for abuse of discretion. Having already held, above, that the district court applied the proper legal standard to the fact situation before it, we now further hold that the district court did not abuse its discretion in reversing the magistrate's order for a new trial. The defendants' convictions are

AFFIRMED.

JERRE S. WILLIAMS, Circuit Judge, dissenting:

I must dissent. The majority holds that the failure to make an objection to the improper seating of a juror who was peremptorily struck was untimely and amounted to a waiver of that strike. Further, no prejudice was shown. The majority rests its holding on *United States v. Cole*, 796 F.2d 380 (11th Cir.1986). With all due respect, *Cole* does not and should not control this case. The majority fails to address the test in *Cole* for a waiver to be found. The test as stated is that there must have been a lack of due diligence by counsel in the failure to object. The majority instead chooses to focus on the necessary finding of prejudice once waiver is found.

The analysis by the majority fails both on the waiver of objection issue and on the prejudice issue. Under the due diligence requirement of *Cole*, the Bileckis' attorney did not waive the right to object to the improper juror. Under the facts of this case, making the objection at the time the jury was polled was enough to preserve the objection. Thus, I would remand for a new trial on this basis alone. But further, the majority focuses upon a prejudice requirement that is not and should not be the law. Such a requirement in this situation defeats the policy behind peremptory challenges.

### Due Diligence

In reaching the plain error rule, the majority ignores the test, as stated in *Cole*, to decide if there has been a waiver of objection:

> ... it is the duty of the parties to advise the court of any errors in seating of struck jurors before the jury is impaneled. *If the defendant has not exercised sufficient diligence to perceive the error and call it to the court's attention in timely fashion,* prejudice must be shown to obtain a new trial.

796 F.2d at 381 (emphasis added). Under the majority holding, the inquiry ended because counsel did not discover the error until the trial was over. The effect of this ruling is that defendants lost the right to their statutorily allotted number of peremptory strikes regardless of who was at fault in the error. Using a requirement of due diligence, on the other hand, prevents this all-or-nothing application. An attorney concededly cannot claim an absolute right to depend entirely on the court to seat the jury properly. But he or she preserves all of the client's rights as long as due diligence is exercised, although there was a serious mistake in the seating of the juror.

Applying the due diligence test of *Cole* to our facts, I follow the trial judge (magistrate by consent of the parties) in finding due diligence on the part of the Bileckis' attorney, and thus the situation is readily distinguishable from *Cole*. When seating the jury, the deputy read the list out loud, excluding the members who had been struck peremptorily, while Bileckis' counsel followed along. Bileckis' counsel then by the court's words had no reason to suspect an improper juror. The error occurred when a Mr. Holt, who properly had been struck, went into the jury box in place of a Ms. Vasquez when her name was called by the court as "Mr. Vasquez." Not only did the court refer to Vasquez as a "Mr. Vasquez," but also Ms. Vasquez' first name is "Lupe," a name that defense counsel could readily have assumed was a male's name.

Counsel then was not put on notice. After the name was called off incorrectly by the court and no one responded, counsel saw Mr. Holt take a place in the box. Absent a non-requisite memory for names and faces counsel had no reason to suspect that the wrong person was in the box or that "Mr. Vasquez" was supposed to be a female. Even the majority opinion admits that we do not require the attorneys to memorize the faces of those chosen and those excused.

In *Cole*, the counsel had no like excuse. Defense counsel should have become aware of the improper juror during the jury selection process or during the trial, but he did not. After each side made its peremptory strikes in *Cole*, the court read correctly the list of jurors to counsel to check for errors. A few minutes later the court again read aloud the list of selected jurors so that they could take their seats in the jury box. The court, however, this time mistakenly failed to call a Ms. Platt's name, so that one of the jurors who had been peremptorily struck by defendant remained in the jury box—a Mr. Wiggs. Simply checking the names on the list as the court read them would have put counsel on notice that a mistake had been made.

Defense counsel in *Cole* explained that he did not learn of the error because he was taking notes while the names were being called out. The court correctly found this excuse inadequate. It noted that the improper juror was the opposite sex of the correct juror, so that even if defense counsel was distracted at the time of the roll call, he had four days of trial to realize that there was an extra man on the jury panel.[1] The court had grounds to find a lack of diligence and therefore a waiver.

A critical factor in this case, not present in *Cole*, is that the trial judge made a specific factfinding that the error occurred through no fault of anyone, and this finding means there was a finding of no lack of diligence on the part of defense counsel.

---

**1.** In the case before us, also a male was seated in the jury box in place of a female. The failure to detect the error is fully understandable, however, because contrary to *Cole*, the Vasquez name was called as a male. Further, Ms. Vasquez' first name, if it was mentioned in court, is commonly masculine as well as feminine.

Further, while in both cases the error was not brought to the court's attention until after the verdict was returned, Bileckis' counsel was the one who discovered the error during polling, and he immediately informed the judge. The judge in *Cole,* on the other hand, had to inform the non-diligent counsel of the error after the jury was polled.

I must conclude that the *Cole* test of due diligence does not expose a lack of diligence by Bileckis' counsel in this case. Even though Bileckis' counsel took an active role in the process of jury selection, a venireman was misseated through an administrative mistake of the court with an uncalled person presuming to take a seat on the jury. Because the error was justifiably found by the trial judge to be through no fault of anyone, including defense counsel, the right to object was not waived.

### Prejudice

The majority rests its holding on a required showing of prejudice under *Cole* once it is determined that the right to object is waived. 796 F.2d at 381. The majority, as well as the court in *Cole,* skirts the fundamental problem with this prejudice requirement. The majority disposes of any possible problems by stating that the plain error rule adequately addresses them. While that might be true in a situation in which the plain error rule typically has been applied, using it in the peremptory strike context defeats the very nature of the peremptory strike right.

Unlike the majority and *Cole,* I would not have prejudice as any part of the test. *See State v. Thompson,* 68 Ariz. 386, 206 P.2d 1037, 1038 (1949) (no showing of prejudice required for the court to grant a new trial once it was determined that at least one juror had been peremptorily struck); *Sherman v. State,* 2 Ga.App. 148, 58 S.E. 393 (1907) (same). As the court explained in *State v. Thompson:*

> It should be remembered that a 'peremptory challenge' is an arbitrary and capricious species of challenge to a certain number of jurors without showing any cause.... It is not essential to such a

challenge that any bias or prejudice on the part of a juror be shown.... Defendant's statutory right to challenge ... peremptorily is a right of rejection and not of selection.

206 P.2d at 1039 (citations omitted). While the court in *Thompson* was aware that reversal should not be mandated for technical errors, it was sensitive to the defendant's statutory right to peremptory strikes without having to show cause. *Id.* at 1040.

The authority relied upon by the majority and the district court is a slender reed. The Texas cases, of course, are not controlling since procedure is at issue. In any event, the 1975 Texas case, *Ascosta v. State,* 522 S.W.2d 528 (Tex.Crim.App.1975), involved the clerk calling the precise and correct name of a juror who had been challenged, and no objection was raised. The refusal of a new trial in that case was the correct decision. But the facts are critically different from the miscall in this case. Admittedly the earlier, 1941, Texas case is more nearly in point to this case, but the issue was considered only casually.

The First Circuit case, *Levesque,* treated as analogous in the majority opinion, involved a minor error far removed from a challenged juror being seated. In that case a second alternative juror was seated instead of the first alternative. Note that both were qualified jurors, neither had been made the object of a challenge. This casual error is remote, indeed, from the seating of a challenged juror by calling the wrong sex, with a challenged juror, perhaps eager to serve and perhaps even eager to convict, taking a seat in the jury box even though his name was never called.

When a defendant can show that a venireman is biased or prejudiced, that venireman will be struck for cause. The remaining veniremen are technically legally fit to serve. The peremptory challenge then gives counsel a further step in choosing the jury that will actually hear the case. The attorney is by law given the right to strike a fixed number of veniremen who, although legally qualified, have the personality, educational background, vocation, or any other factors the accused and

counsel see as relevant to a possible bias or hostility to the client's case. Bileckis' counsel was entitled by law to strike Mr. Holt. By requiring a showing of prejudice, the majority is reading a justification into a peremptory challenge when the challenge requires no justification.

The majority expresses concern as to a possible ramification if there is no required showing of prejudice. Defendants could be able to gamble on a favorable verdict, and only when the verdict is unfavorable, raise the objection that the jury was improper. 796 F.2d at 381. The concern is valid, but it assumes the defendant knows of the error. The correct use of the waiver rule, however, is a complete remedy for this concern. Where there is evidence that counsel knew of the error but failed to bring it to the court's attention until it was too late to correct the error, it can properly be said that the defendant knowingly and intentionally waived the right to object to the improper juror. Counsel clearly then would have failed to meet the due diligence requirement.

Under our facts, there is simply no evidence at all of any improper role played by Bileckis' counsel. The trial judge made a specific finding to the contrary which is not challenged in any way.

### Conclusion

The trial judge correctly found that a properly challenged venireman took a seat on the jury that convicted the Bileckis with no fault on the part of the Bileckis or their counsel. Simply because, reasonably lacking knowledge, Bileckis' counsel failed to object until after the verdict was returned did not amount to a waiver. No one in the courtroom knew of the error, except perhaps the juror who decided to sit on the jury although he was not called. Counsel used due diligence in the seating and selection of the jury panel. Further, prejudice was inherent in negating the peremptory challenge. The rights of the accuseds demand a new trial before a properly chosen jury in this criminal prosecution.