843 So.2d 933 (2003)
Travis JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4114.
District Court of Appeal of Florida, Fourth District.
March 26, 2003.
Rehearing Denied May 15, 2003.
*934 Jason T. Forman of Law Offices of Jason T. Forman, P.A., and Gary S. Ostrow of Law Firm of Gary S. Ostrow, Fort Lauderdale, for appellant.
*935 Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm James' conviction and sentence for first-degree murder and attempted robbery with a firearm. The principal issues on appeal arise out of the seating of a juror with a name similar to the juror actually selected.
Upon the completion of voir dire, the venire was excused from the courtroom and twelve jurors, including Robert Burns and two alternate jurors, were selected. The court deputy called out the names of those selected. Among those called to return to the courtroom was "Mr. Burns;" however, another juror, Frederick Burtz, responded. Those not selected were excused. Robert Burns excused himself as well. Before the jury was sworn, each member stated his or her last name. The transcript indicates that Mr. Burtz said the name "Burns." Defense counsel agreed, on the record, that the people who had been called accounted for the entire jury.
Following the verdict, discharge of the jury, and sentencing, the court was informed by jury administration that, although Robert Burns appeared in their records as being a juror, Frederick Burtz had actually served on the jury throughout the trial.
Defense counsel made an ore tenus motion for new trial, arguing that Frederick Burtz, as an unauthorized person, had contaminated the jury. He further argued that he would never have selected Burtz to serve on the jury. The court conducted a hearing on the motion.
Not much information was learned from either Burns or Burtz in voir dire. The transcript reflects that Burns was single, employed, had no children, had never been involved in a lawsuit, did not have friends or family in law enforcement, and had never been a juror. He had been arrested twenty years ago for driving under the influence. He believed the court system had treated him fairly after his arrest and that the experience would not affect his ability to be a fair juror.
Fred Burtz had never been arrested, worked at a supermarket, and was married with two adult children. He had never been involved in any lawsuits, did not know of any family members or friends in law enforcement, and had never been a juror. Burtz was briefly questioned as follows:
[STATE]: How about Mr.is it Burtz?
[JUROR BURTZ]: Yes, sir.
[STATE]: Somebody had been arrested in your family?
[JUROR BURTZ]: No, sir.
[STATE]: Couldn't hear you all the way back over here. Could you be a fair juror in this case?
[JUROR BURTZ]: I will do my best.
[STATE]: Do you want to be a juror?
[JUROR BURTZ]: Not particularly, but I will try.
[STATE]: I don't think anybody really wants to be a juror. It's kind of a silly question, isn't it. If you had to be, you could make sure that you would return a verdict that is justice?
[JUROR BURTZ]: Yes.
During the hearing on James' motion for new trial, Frederick Burtz was questioned by the court as to how he had come to serve on the jury. Burtz explained that he thought he had heard his name called. Burtz denied having the intent to pass himself off as Robert Burns and, in fact, claimed he had not even been aware that there had been a "Burns." Burtz told the *936 court that, prior to deliberating, he had advised one of the bailiffs that his name was "Burtz" because he believed it was being mispronounced in court. He also notified the bailiff that the spelling of his name on the seating chart was incorrect.
The bailiff testified that he checked the list where the jurors had written down their names and phone numbers and, believing the misspelling to be his error, changed the name from Robert Burns to Robert Burtz. He did not bring it to the court's attention because he believed that he had corrected the error.
The evidence at trial included a confession, the essential issue being whether James was shooting to kill the victim or to stop the victim from running away. There was no indication that the jury or Frederick Burtz had not been fair and impartial. The trial court denied James' motion for new trial, concluding that defense counsel's failure to object to Burtz serving on the jury was a waiver of his right to challenge Burtz's qualifications. Furthermore, when given the opportunity to question Burtz, defense counsel conceded that the mix-up did not amount to juror misconduct.
We do not find that the court abused its discretion in denying James' motion for new trial. Absent an abuse of discretion, a trial court's order denying a motion for new trial will not be disturbed on appeal. Woods v. State, 733 So.2d 980, 988 (Fla.1999). James asserts he is entitled to a new trial pursuant to rule 3.600(b)(4), Florida Rules of Criminal Procedure, which states that courts shall grant a new trial where "[a]ny juror was guilty of misconduct." However, as the state points out, this argument was not raised in the trial court.
During the hearing on his motion for new trial, defense counsel agreed with the court that juror Burtz was not guilty of misconduct: "I think it was confusion. Somebody, they called out a name Burns that sounded like Burtz and this man responded. It was a good faith human error." Defense counsel argued that court personnel were to blame for the error and that, as agents of the court, their mistakeallowing an unauthorized person to serve on the jurywas per se reversible error.
The defense argument that Burtz is guilty of juror misconduct is raised for the first time on appeal. Furthermore, even assuming the error had been preserved, a new trial was not mandated because the record does not support James' allegation of juror misconduct.
Generally, juror misconduct issues arise where a juror conceals a material fact during voir dire. See Roland v. State, 584 So.2d 68, 70 (Fla. 1st DCA 1991). Even where false information conceals the fact that a venireman may be unqualified, reversal is not necessarily required. See State v. Rodgers, 347 So.2d 610, 611 (Fla.1977)(reversal not required where seventeen-year-old juror lied about her age to sit on jury because defendant had fair and impartial jury). The fact is material if it exposes an inherent bias in favor of or against either party. See Lowrey v. State, 705 So.2d 1367 (Fla.1998).
Here, Burtz was truthful during voir dire and he satisfied the requirements set out for jurors under section 40.01, Florida Statutes. Mr. Burtz, who served as foreperson, even signed the verdict form "Fred Burtz."
Additionally, even where there is evidence of some juror misconduct, reversal is not required, per se, because
[n]ot every irregularity which would subject a juror to censure should overturn the verdict. In order to authorize the setting aside of a verdict on account *937 of misconduct of the jury, it must appear that such misconduct may have had an influence upon the final result, and caused injury to the complaining party.
Rodgers, 347 So.2d at 613 (quoting from Wharton's Treatise on Criminal Law and Procedure). Once the appellant has established juror misconduct, he is entitled only to a rebuttable presumption of prejudice and, thus, a new trial, unless the state can demonstrate to the court that any prejudice was harmless. Gould v. State, 745 So.2d 354, 358 (Fla. 4th DCA 1999). In the instant case, there is no evidence that Burtz's presence on the jury affected the verdict or prevented a fair trial.
We have considered, but reject, the contention that the mistake constitutes fundamental error. Fundamental error is error that "goes to the foundation of the case or the merits of the cause of action." J.B. v. State, 705 So.2d 1376, 1378 (Fla. 1998). We note that in other jurisdictions, courts have held that the failure of defense counsel to make a timely objection to the improper seating of a juror precluded review unless prejudice could be shown. See United States v. Cole, 796 F.2d 380, 381 (11th Cir.1986); United States v. Levesque, 681 F.2d 75, 80-81 (1st Cir.), cert. denied, 459 U.S. 1089, 103 S.Ct. 574, 74 L.Ed.2d 936 (1982); Acosta v. State, 522 S.W.2d 528 (Tex.Crim.App.1975).
In Cole, the court inadvertently failed to dismiss a male juror who had been the subject of defense counsel's peremptory challenge. 796 F.2d at 381. A female juror had been selected to take his place. No one noticed the oversight. When the jury was polled, the court realized that the male juror's name was not on the list of jurors; however, neither party objected. After the jury had been discharged, the clerk discovered and advised the court of the error in not excusing the stricken male juror. Defense counsel said he had not noticed because he was taking notes. Id.
The trial court, in Cole, denied the appellant's motion for new trial, finding that, without a showing of prejudice, he had waived his objection. The Eleventh Circuit affirmed, reasoning that "[a] contrary rule would permit a defendant to gamble on a favorable verdict and, if the verdict was unfavorable, later raise an improper jury claim." Id. In light of the appellant's opportunity to discover the mistake in time for the court to correct it, and the lack of evidence of prejudice, the reviewing court found that a new trial was not warranted. Id. at 382.
We also reject the contention that, on the face of the record, defense counsel was ineffective by failing to notice that an unselected juror was chosen. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a defendant making this argument must first show that counsel's performance was deficient and, second, that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687, 104 S.Ct. 2052. On the instant record, however, even if counsel was unaware that Burtz had replaced Burns on the jury, James was not prejudiced by the deficient performance.
We, therefore, affirm James' conviction and sentence. As to all other issues raised on appeal, we also conclude that there is no reversible error or abuse of discretion.
GROSS and MAY, JJ., concur.