913 So.2d 707 (2005)
Geodis GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3124.
District Court of Appeal of Florida, Third District.
October 19, 2005.
*708 Eugene F. Zenobi, Miami, for appellant.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before FLETCHER, RAMIREZ, and SUAREZ, JJ.
FLETCHER, Judge.
Geodis Gonzalez appeals from the trial court's denial of his petition for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part for an evidentiary hearing.
Gonzalez was charged with first degree murder and robbery with a firearm. He was convicted on both charges after jury trial, and his convictions were affirmed on appeal. Gonzalez raised several issues in a timely filed motion for post-conviction relief, which petition the trial court summarily denied. After his motion for rehearing was denied with opinion, Gonzalez appealed to this court for review.
Of the fourteen post-conviction issues (including sub-issues) raised by Gonzalez, only one requires reversal for an evidentiary hearing. In claim 7, Gonzalez asserts that his defense counsel failed to investigate a list of defense witnesses provided by the defendant, witnesses who could have testified that the state's prisoner-informant Perdomo lied about the defendant's jailhouse admission in order to seek a reduction of his sentence. The trial court in its order on rehearing stated, "the defendant's claim is facially sufficient as he has provided a list of witnesses, who were available to testify, and has explained how such an omission of the testimony prejudiced the outcome." [citations omitted]. The trial court is, thus far, correct. However, the trial court goes on to substitute its own speculation for defense counsel's failure to investigate the witnesses, and chalks it up to trial tactics. "Counsel may make a tactical decision not to pursue [a particular defense], but a trial court's finding that such a decision was tactical usually is inappropriate without an evidentiary hearing." Kitchen v. State, 764 So.2d 868, 869 (Fla. 4th DCA 2000). We thus reverse and remand for an evidentiary hearing on this single issue.
The remaining issues are either refuted by the record or fail to rise to Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ineffectiveness of counsel.
Affirmed in part, reversed in part.