960 So.2d 834 (2007)
Juan YANES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-550.
District Court of Appeal of Florida, Third District.
July 5, 2007.
*835 Juan Yanes, in proper person.
Bill McCollum, Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, FLETCHER and LAGOA, JJ.
PER CURIAM.
This is an appeal of an order denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
In point one, defendant-appellant Yanes maintains that his counsel should have objected to two of the State's peremptory strikes which were made against Hispanic jurors. We affirm the denial of relief on authority of Carratelli v. State, 915 So.2d 1256 (Fla. 4th DCA 2005) (en banc), approved, SC06-97 (Fla. July 26, 2007), and Phillips v. Crosby, 894 So.2d 28, 36 (Fla.2004). Both cases take the position that postconviction relief cannot be granted in this context unless the lawyer's error resulted in a jury that was not impartial.
We affirm the denial of relief on defendant's point two. During jury selection the State exercised a peremptory challenge against juror Alvarez. At some places the trial court record indicates that juror Alvarez did not serve, while at other places the trial court record indicates that juror Alvarez did serve on the jury. The State asserts that this is probably a transcription error but acknowledges that a conclusive determination cannot be made on the basis of the present record. We affirm the denial of relief on the authority of the cases just cited, and James v. State, 843 So.2d 933 (Fla. 4th DCA 2003).
On defendant's point three, he alleges that his sentencing guidelines score was calculated under the wrong scoresheet. On an appeal from a summary denial of a Rule 3.850 motion, this court must reverse unless the postconviction record shows conclusively that the appellant is not entitled to any relief. Fla. R.App. P. 9.141(b)(2)(D). The postconviction record now before us does not conclusively refute *836 the defendant's claim, so we reverse on point three. As to the applicable version of the guidelines, see Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003) (en banc). As to the test for harmless error in this context, see State v. Anderson, 905 So.2d 111 (Fla.2005).
As to defendant's point four, the postconviction record likewise does not conclusively refute the defendant's claim. See Ford v. State, 825 So.2d 358, 361 (Fla.2002) ("An evidentiary hearing should have been required in order to resolve whether what counsel did was tactical.") "`[A] claim that trial counsel failed to investigate or call exculpatory witnesses [when] facially sufficient . . . must either be refuted by attachments or an evidentiary hearing held.'" Id. at 361 (citation omitted); Jacobs v. State, 880 So.2d 548 (Fla.2004); Gonzalez v. State, 913 So.2d 707, 708 (Fla. 3d DCA 2005); Honors v. State, 752 So.2d 1234, 1235-36 (Fla. 2d DCA 2000). We reverse on point four.
The postconviction record does not conclusively refute defendant's point five. The defendant claims that his counsel misadvised him that his statement to the police would be suppressed, and persuaded him to turn down a plea offer on the basis of that misadvice. We reverse on point five and remand for further proceedings on authority of Sharpe v. State, 861 So.2d 483 (Fla. 3d DCA 2003), and Gomez v. State, 832 So.2d 793 (Fla. 3d DCA 2002). Contra Morgan v. State, 941 So.2d 1198 (Fla. 4th DCA 2006) (certifying direct conflict with Gomez and Sharpe), rev. granted, No. SC06-2350, 956 So.2d 456.
We affirm the denial of relief on point six.
With regard to those issues on which we reverse, we remand for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.