PER CURIAM.
Tyrone Burroughs appeals the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse because the record does not refute conclusively Burroughs’ claim of ineffective assistance of counsel.
Burroughs was charged by information with one count of possession of cocaine with intent to sell. Following a jury trial, he was found guilty as charged and sentenced to thirteen years in state prison. Burroughs appealed to this Court and his judgment and sentence were affirmed. Burough v. State, 943 So.2d 1025 (Fla. 3d DCA 2006).
He then filed his Rule 3.850 claim. In his motion, Burroughs raises three ineffective assistance of trial counsel claims in support of his motion for postconviction relief. In the second claim, Burroughs alleges that trial counsel affirmatively mi-sadvised him to reject the State’s eighteen-month plea offer in favor of going to trial because the State would not be able to prove the elements of constructive possession or intent to sell drugs. Burroughs claims that counsel told him he had proof that the drugs were planted on Burroughs by law enforcement. Burroughs asserts that had he been notified properly by his attorneys prior to trial that they failed to obtain any records that would show conclusively that drugs had been planted on Burroughs, he would have accepted the eighteen-month plea offer.
The trial court denied Burroughs’ motion without an evidentiary hearing. Burroughs filed a motion for rehearing, which the trial court also denied.
With respect to his second ineffective assistance of trial counsel claim, Burroughs has raised facially sufficient claims for Rule 3.850 relief that the trial court, by summarily denying the motion, has failed to conclusively refute. Where the defendant claims that trial counsel misinformed the defendant when advising the defendant of the plea offer, persuading the defendant to reject the offer as a result of that misinformation, the defendant is entitled to an evidentiary hearing unless the record conclusively refutes the defendant’s allegations of misadvice. Yanes v. State, 960 So.2d 834, 836 (Fla. 3d DCA 2007); Reed v. State, 903 So.2d 344 (Fla. 1st DCA 2005); Perez v. State, 893 So.2d 629 (Fla. 3d DCA 2005). The postconviction record now before us does not conclusively refute Burrough’s second allegation of ineffective assistance of trial counsel.
Accordingly, we reverse the summary denial of Burroughs’ claim for ineffective assistance of counsel based on affirmative misadvice. On remand, if the trial court again enters an order summarily denying *48 the post-conviction motion, the trial court shall attach written portions of the record conclusively refuting Burroughs’ claim. See Fla. R.App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief). In all other respects, we affirm the trial court’s order.
Reversed and remanded.