PER CURIAM.
 

 In this appeal, the appellant challenges the trial court’s summary denial of that portion of his rule 3.850 motion
 
 [1]
 
 alleging that trial counsel provided ineffective assistance in failing to object to the State’s peremptory striking of two black jurors. We affirm.
 

 In March of 2002, the appellant was convicted of robbery with a deadly weapon. He appealed and this court reversed the conviction upon a finding that the State had failed to present evidence to permit the jury to find that the BB gun used by appellant in the commission of the crime was a deadly weapon.
 
 See Jones v. State,
 
 869 So.2d 1240 (Fla. 4th DCA 2004). The case was remanded for the entry of a judgment of conviction for robbery and resentencing. In August of 2004, the appellant was resentenced to ten years.
 

 In February of 2005, the appellant filed a rule 3.850 motion, raising six claims of ineffective assistance of counsel. Among those claims — and the only one relevant to the instant appeal — was a claim that trial counsel provided ineffective assistance in failing to raise a Neil
 
 [2]
 
 objection to the State’s peremptory striking of jurors Mun-dy and Cameron, both of whom were African-American. In its response, the State asserted this was not a legally cognizable claim for which relief could be granted on a rule 3.850 motion as the appellant could not establish the required
 
 Strickland
 

 [3]
 

 prejudice. The State relied upon this court’s decision in
 
 Jenkins v. State,
 
 824 So.2d 977 (Fla. 4th DCA 2002). The trial court agreed that
 
 Jenkins
 
 controlled and required the denial of relief.
 

 In
 
 Jenkins,
 
 during trial, defense counsel objected to the State’s peremptory striking of black jurors. The trial court initially found the prosecutor’s stated reasons for the strikes were race neutral. At the conclusion of jury selection, however, the judge was concerned about the lack of black jurors and determined that the cumulative effect of the prosecutor’s peremptory challenges demonstrated such strikes were not, in fact, race neutral. The judge intended to cure the problem by seating two of the stricken black jurors. Defense counsel agreed to the seating of one of the stricken jurors and acknowledged that, by such agreement, he was waiving any objection to the State’s peremptory challenges. In his rule 3.850 motion, the defendant challenged counsel’s agreement to the seating of just one of the stricken jurors and to the waiver of any objection to the State’s peremptory challenges, asserting that, as a consequence of such agreement, he lost “a more racially representative jury panel” and an issue for appeal. 824 So.2d at 983. The trial court denied the defendant relief, finding that it was apparent from the record that counsel had made a reasonable strategic decision.
 

 This court affirmed, writing
 

 We agree with the trial court that the record demonstrates a reasonable strategic decision with which appellant agreed on the record. In addition,
 
 we do not see how the claim, of a lawyer’s failure to raise a Neil objection could ever be the basis for post-conviction relief for incompetence of counsel.
 
 Unlike the situation where a biased juror served on a jury,
 
 the failure of a lawyer
 
 
 *142
 

 to raise a Neil challenge does not mean that the jury was biased.
 
 The state might have acted in bad faith in exercising its peremptory challenges, but the jury trying the case might have been simon-pure in its objectivity and ability to follow the law.
 
 In such a situation, there can be no showing that counsel’s failure to assert a Neil challenge had any effect on the defendant’s ability to receive a fair trial. Thus, there can be no prejudice sufficient to suppori post-conviction relief.
 

 Id.
 
 at 984 (emphasis added).
 

 The above-quoted language from
 
 Jenkins
 
 was arguably dicta. Nonetheless, we believe that such dicta accurately states the law and is consistent with our supreme court’s recent decision in
 
 Carratelli v. State,
 
 961 So.2d 312 (Fla.2007).
 

 Carratelli
 
 involved an ineffective assistance of counsel claim predicated upon counsel’s failure to preserve error in the trial court’s denial of for-cause challenges to three jurors. 961 So.2d at 316. To demonstrate prejudice under
 
 Strickland,
 
 a defendant must establish that “ ‘there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ ”
 
 Id.
 
 at 320 (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). In
 
 Carratel-li,
 
 our supreme court made it clear that where a defendant alleges ineffective assistance of trial counsel the “proceeding” at issue is the trial.
 
 Id.
 
 at 320-23; see
 
 also Strobridge v. State,
 
 1 So.3d 1240 (Fla. 4th DCA 2009) (citing this holding from
 
 Carra-telli
 
 ). The court thus held that it was not enough for Carratelli to demonstrate that, had the alleged error in the denial of the for-cause challenges been preserved, such error would have resulted in a reversal on appeal; rather, Carratelli was required to demonstrate that “an actually biased juror served on the jury.” 961 So.2d at 323. “Under the actual bias standard, the defendant must demonstrate that the juror in question was not impartial — i.e., that the juror was biased against the defendant, and the evidence of bias must be plain on the face of the record.”
 
 Id.
 
 at 324.
 

 Since the issuance of our supreme court’s opinion in
 
 Carratelli,
 
 the Third District has applied
 
 Carrutetti’s
 
 holding to a claim of ineffective assistance of trial counsel predicated upon the failure to raise a
 
 Neil
 
 objection.
 
 See Yanes v. State,
 
 960 So.2d 834 (Fla. 3d DCA 2007). There, the defendant claimed counsel was ineffective for failing to object to the State’s exercise of peremptory strikes against two Hispanic jurors. The appellate court affirmed the summary denial of such claim, citing
 
 Car-ratelli
 
 for the proposition that “postconviction relief cannot be granted ... unless the lawyer’s error resulted in a jury that was not impartial” and reaching the same conclusion that this court had earlier reached in
 
 Jenkins. Id.
 
 at 835. Accordingly, the trial court’s order denying the appellant’s rule 3.850 motion is affirmed.
 

 Affirmed.
 

 STEVENSON, TAYLOR and MAY, JJ„ concur.
 

 [1]
 

 .The trial court summarily denied relief as to four additional claims of ineffective assistance and denied another claim of ineffective assistance after an evidentiary hearing.
 

 [2]
 

 . State v. Neil,
 
 457 So.2d 481 (Fla.1984).
 

 [3]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).