PER CURIAM.
Appellant was convicted of attempted second-degree murder, attempted felony murder, attempted armed robbery, and aggravated assault. He seeks reversal of the convictions, arguing that the trial court erred in permitting the State’s peremptory challenges against two African-American prospective jurors, and that his convictions for attempted second-degree murder and attempted felony murder violate the constitutional prohibition against double jeopardy. We affirm as to the first issue, finding the asserted error unpreserved for appellate review. However, we conclude-^ and the State concedes — that the merger doctrine, as opposed to double jeopardy, prohibits convictions for both attempted second-degree murder and attempted felony murder in this case. See Williams v. State, 90 So.3d 931, 935 (Fla. 1st DCA 2012) (reversing attempted felony murder under merger doctrine where defendant was also convicted of attempted premeditated first-degree murder, and stating that “[w]e do not think that the Legislature authorized the imposition of multiple punishments for attempted premeditated first-degree murder and attempted felony murder for the same attempted killing of one victim, tuhen there is not a separate criminal episode or distinct acts on which to base each attempted murder conviction.”) (emphasis added).
Accordingly, we reverse Appellant’s conviction for attempted felony murder and remand with directions to strike the conviction. We affirm Appellant’s remaining convictions for attempted second-degree murder, attempted armed robbery, and aggravated assault.
AFFIRMED, in part; REVERSED, in part; REMANDED with directions.
THOMAS, WETHERELL, and MARSTILLER, JJ., concur.