[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12131
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00494-BJD-PDB

JAMEL MOBLEY,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LAGOA, Circuit
Judges.

PER CURIAM:

Jamel Mobley—a Florida state prisoner serving a 35-year sentence for attempted second-degree murder, attempted armed robbery, and aggravated assault—appeals the district court's denial of his 28 U.S.C. § 2254 petition. On appeal, he argues that his trial counsel was constitutionally ineffective for failing to preserve for appeal a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986),[1] to the state's use of peremptory strikes during voir dire in his underlying criminal proceedings. He contends that the state habeas court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), and that his counsel's failure to preserve the issue was prejudicial because the *Batson* violation would have warranted an automatic reversal of his conviction on appeal or resulted in a reasonable probability that the state trial court would have reversed its rulings on the peremptory strikes had his counsel renewed the objection. After careful consideration and review, we affirm the district court's denial of relief.

In 2009, Mobley was charged with attempted first-degree murder, attempted felony murder, attempted armed robbery, and aggravated assault stemming from a failed carjacking. Two years later, a jury found him guilty of attempted second-

---

[1] Mobley originally articulated his challenge with reference to *State v. Neil*, 457 So. 2d 481 (Fla. 1984). In the interest of clarity, we refer simply to *Batson*, given that *Neil* is Florida's counterpart to *Batson*. *See King v. Moore*, 196 F.3d 1327, 1331 (11th Cir. 1999) (stating that *Neil* anticipated *Batson*'s holding by two years).

2

degree murder, attempted felony murder, attempted armed robbery, and aggravated assault. Thereafter, he was sentenced to serve three concurrent 30-year prison terms in addition to a consecutive five-year sentence. Mobley appealed his conviction, raising various issues on direct appeal.

Among the issues Mobley raised was a *Batson* claim. He argued that the trial court erred in overruling his attorney's *Batson* challenge and allowing the state to exercise peremptory strikes against three prospective Black jurors. The Florida First District Court of Appeal declined to address Mobley's claim because his attorney failed to preserve the issue for appeal. *See Mobley v. State*, 97 So. 3d 344, 345 (Fla. Dist. Ct. App. 2012). As a result, the court affirmed the second-degree murder, attempted armed robbery, and the aggravated assault convictions.[2]

Mobley later filed a Florida Rule of Criminal Procedure 3.850 motion in which he alleged, among other things, that he received ineffective assistance of counsel because his trial counsel failed to preserve his *Batson* challenge. That motion was denied based on the state habeas court's conclusion that "failure to preserve issues for appeal does not show the necessary prejudice under *Strickland*" and that "prejudice must be assessed based upon its effect on the results of the trial,

---

[2] The state conceded that the attempted felony murder conviction was invalid under the merger doctrine. Upon remand, the trial court struck the attempted felony murder count.

not on its effect on appeal." Doc. 21-7 at 107 (internal quotation marks omitted).[3] The state habeas court determined that Mobley had not shown that counsel's failure to preserve the *Batson* issue for appeal was prejudicial to the outcome of his trial. The First District Court of Appeal affirmed the denial without issuing a written opinion.

In April 2017, Mobley filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in the United States District Court for the Middle District of Florida. In his petition, he raised several claims, including the *Batson* claim. As to the *Batson* claim, the district court concluded that the state habeas court's decision to deny the claim was not contrary to or an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. This appeal followed. A judge of this Court granted Mobley a certificate of appealability on the following issue:

> Whether the district court erred by denying Mr. Mobley's claim that counsel was ineffective for failing to preserve for appeal his challenge to the state's use of peremptory strikes, after concluding that the state court's rejection of it was not contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).[4]

When examining a district court's denial of a § 2254 habeas petition, "we review questions of law and mixed questions of law and fact *de novo*, and findings

---

[3] "Doc. #" refers to the corresponding numbered entry on the district court's docket.

[4] We do not address Mobley's argument that the denial of the *Batson* challenge at trial was error because the certificate of appealability is limited to Mobley's ineffective assistance of counsel claim. In addition, Mobley has not challenged the district court's denial of that claim as procedurally defaulted, so the issue has been abandoned.

4

of fact for clear error." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). The district court's determination that the state court decision was reasonable is reviewed *de novo*. *Id.*

Under the Sixth Amendment of the Constitution, a defendant has the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland*, 466 U.S. at 686. To establish ineffective assistance of counsel, a defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced as a result, meaning that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 694.

Mobley argues that the district court erred in denying his claim that his trial counsel was ineffective for failing to preserve for appeal his challenge to the state's use of peremptory strikes, after concluding that the state court's rejection of it was not contrary to, or an unreasonable application of, *Strickland*. In Mobley's view, he suffered prejudice because proper preservation of the *Batson* challenge (renewing the objection to the racially motivated strikes at the conclusion of voir dire, before the jury was sworn in) would have resulted in either a reversal on appeal or "a reasonable probability that the court would have realized its errors" and would not have allowed the state to strike the three Black jurors. Appellant's Br. at 26. Thus, he contends, the district court erred in denying his claim. We

5

reject Mobley's argument because it fails to recognize the role of federal courts in reviewing habeas petitions based on postconviction claims adjudicated in state courts.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief with respect to a claim adjudicated in state court only if the state court proceedings resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

"A state court acts contrary to clearly established federal law if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court of the United States and nevertheless arrives at a result different from its precedent."  *Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286 (11th Cir. 2012) (internal quotation marks omitted).  A state court's decision is based on an unreasonable application of clearly established federal law if it "identifies the correct governing legal rule but unreasonably applies it to the facts of the particular state prisoner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Id.*

6

(internal quotation marks omitted).  Here, Mobley cannot establish that the state habeas decision was contrary to clearly established federal law because the Supreme Court has not addressed a set of materially indistinguishable facts. Further, as discussed below, he cannot establish that the state unreasonably applied *Strickland* to the facts of this case.

Under Florida law, simply objecting to the state's possibly discriminatory strikes, and then countering any purportedly race-neutral explanation given by the prosecution, does not suffice to preserve a *Batson* claim for appeal.  Rather, trial counsel must press the already-rejected challenge a second time at the conclusion of voir dire, either by expressly renewing the objection or by accepting the jury pursuant to a reservation of this claim.  *Joiner v. State*, 618 So. 2d 174, 176 (Fla. 1993); *see also Melbourne v. State*, 679 So. 2d 759, 765 (Fla. 1996) (ruling that a defendant "failed to preserve" a claim of discriminatory jury selection "because she did not renew her objection before the jury was sworn").

Citing *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310 (11th Cir. 2003), Mobley argues that he was substantially prejudiced by his counsel's failure to preserve the *Batson* challenge.  In *Davis,* this Court considered the issue of whether an attorney's failure to preserve a *Batson* claim for appeal prejudiced the defendant.  341 F.3d at 1314.  We held that "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to

preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." *Id*. at 1316. In reaching this conclusion, however, we noted that affording § 2254(d)(1) deference—thus requiring us to determine that the state court's ruling was contrary to or an unreasonable application of established federal law—was not necessary because the state courts did not resolve the merits of Davis's claim. *Id*. at 1313. But such deference is necessary in this case. Here, we consider the issue of whether the state habeas court unreasonably applied *Strickland* in concluding that counsel's failure to preserve the *Batson* challenge did not result in the requisite prejudice for affording habeas relief. Accordingly, *Davis* is inapposite and does not apply to this appeal. Further, Mobley has not identified any clearly established federal law with materially indistinguishable facts and thus cannot show that the state courts acted contrary to clearly established federal law. We thus move on to whether the state unreasonably applied the prejudice prong of *Strickland* to the facts of this case.

Florida courts have previously concluded that failing to preserve a *Batson* challenge does not automatically demonstrate *Strickland* prejudice. In *Carratelli v. State*, the Florida Supreme Court concluded that, in the postconviction context, "a defendant alleging that counsel was ineffective for failing to object or preserve a claim of reversible error in jury selection must demonstrate prejudice at the trial,

not on appeal." 961 So. 2d 312, 323 (Fla. 2007). In that case, the defendant argued that his counsel was ineffective for failing to renew his objection to the trial court's denial of his cause challenges during voir dire. *Id.* at 316. The Florida Supreme Court concluded that prejudice should be measured at trial rather than on appeal. Accordingly, the Florida Supreme Court held that a finding of prejudice under *Strickland* requires the defendant to show that a juror was actually biased against him. *Id.* at 324. In so holding, the Court specifically noted that *Davis* misconstrued Florida law. *Id.* at 321. Florida appellate courts have applied this actual bias standard to ineffective assistance claims involving counsel's failure to object to potentially racially motivated peremptory strikes. *See, e.g.*, *Jones v. State*, 10 So. 3d 140, 142 (Fla. Dist. Ct. App. 2009). Mobley did not attempt to establish that a juror placed on the jury despite his *Batson* challenge was actually biased against him. Thus, the state habeas court did not unreasonably apply *Strickland* in concluding that Mobley could not demonstrate prejudice and denying his ineffective assistance of counsel claim.

Because Mobley cannot establish that the state court acted contrary to or unreasonably applied clearly established federal law, the district court did not err in denying his habeas petition.

**AFFIRMED**.

9